No. 85-03

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF

MARY JO OBERGFELL,

       Petitioner and Appellant,

  and

PAUL DOUGLAS OBERGFELL,

       Respondent and Respondent.

_____

APPEAL FROM: District Court of the Seventh Judicial District,
              In and for the County of Richland,
              The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Utick, Grosfield & Uda; Joan Uda, Helena, Montana

    For Respondent:

        Peter O. Maltese, Sidney, Montana

_____

Submitted on Briefs: June 28, 1985

Decided: September 18, 1985

Filed: SEP 18 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the wife from an order of custody and division of marital property made by the District Court of the Seventh Judicial District, Richland County, the Honorable R. C. McDonough presiding. We affirm.

Mary Jo and Paul Obergfell were married in 1973. Two children were born of the marriage, namely Ryan and Randall who were ten years of age and eight years of age, respectively, at the time of the hearing.

In 1980, after a period of separation and an unsuccessful reconciliation attempt, Mrs. Obergfell left the family home in Sidney, Montana, and moved to Billings, Montana, with Ryan and Randall. Shortly after her move to Billings, Mrs. Obergfell filed her petition for dissolution of marriage in Richland County. While is Billings, Mrs. Obergfell completed her degree in special education and in 1984 accepted a position as a special education instructor at the Boulder River School and Hospital in Boulder, Montana. The boys have lived continuously with Mrs. Obergfell during the school year and with their father during the summer months since the couple permanently separated in 1980.

Paul Obergfell continues to live in the Sidney area and has been employed by Montana-Dakota Utilities for the past 11 years. His current residence is a mobile home which is located 15 miles southeast of Sidney on his father's farm.

Mrs. Obergfell's petition for dissolution of marriage requested that she be awarded custody of the two minor children; that Paul pay her reasonable attorney's fees; and that the parties' personal property be equitably divided. In his response, Mr. Obergfell requested that he be awarded custody of the two minor children; that each party bear their own

2

attorney's fees; and that the personal property of the parties be equitably divided.

The Richland County District Court, after a hearing held September 13, 1984, dissolved the marriage of the parties and ordered in part the following:

1. The parents shall have joint custody of the children.

2. The residence of each child shall be with the mother until the end of the school year during which that child turns 12 years of age, after which time, the child will reside permanently with the father.

3. The father shall pay child support in the amount of $175 per month per child while the children reside with the mother.

4. The father shall have custody of the children during the summer school vacation months while the children are still residing with the mother, subject to the mother's right to have the children for a 10-day period during such summer months.

5. The mother shall have one-month summer visitation with the children when the residence of the children has been transferred permanently to the father. In addition, the children shall alternate holidays with the parents.

6. The marital estate consists solely of personal property which has been equitably divided.

7. That each party is to pay his or her own legal fees, and the father is to pay the children's attorney.

In light of the above District Court order, Mrs. Obergfell presents the following issues for review:

1. Whether the District Court abused its discretion in changing physical custody of each of the minor children of the parties from the mother to the father when each child reaches the age of 12 years and in severely limiting the

3

mother's visitation without finding harm to the children from the visitation?

2. Whether the findings of fact and conclusions of law of the District Court are supported by the evidence?

3. Whether the District Court erred in failing to award Mrs. Obergfell her attorney's fees incurred in this matter?

In addressing the first issue raised by Mrs. Obergfell, both parties recognize in their briefs the standard for review of child custody cases as established by this Court. In Bier v. Sherrard (Mont. 1981), 623 P.2d 550, 551, 38 St.Rep. 158, 159, we stated:

> In order to prevail, [appellant] must show an abuse of discretion by the judge, must demonstrate that there is a clear preponderance of evidence against the findings, and must overcome the presumption that the judgment of the trial court is correct. In reviewing the District Court's custody order, this Court need only look to the record to see if the factors set forth in § 40-4-212, MCA, were considered and then must determine whether the trial court made appropriate findings with respect to these criteria. (Citations omitted.)

Section 40-4-212, MCA, provides the standard the District Court must follow in making a custody determination:

> The court shall determine the custody in accordance with the best interest of the child. The court shall consider all relevant factors including: (1) the wishes of the child's parent or parents as to his custody; (2) the wishes of the child as to his custodian; (3) the interaction and interrelation of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest; (4) the child's adjustment to his home, school, and community; and (5) the mental and physical health of all individuals involved.

Initially, the trial court recognized that several of the factors listed by § 40-4-212, MCA, equally applied to both parties in determining custody. First, the trial judge noted that both parents desire custody of the children and that both parents are physically and mentally able to be

4

custodians of the children. In addition, the trial judge found the children had adjusted to their home, school and community in Boulder during the school year and their home and community in Sidney during the summer months. But, the trial judge also recognized that several of the factors listed by § 40-4-212 weighed heavily in favor of the father in determining custody.

First, the trial court found a strong preference of each child was to live with their father in Sidney on the farm. The findings show that both boys enjoy and desire the farm lifestyle and that it is their true wish to live with their father.

Second, the trial court found that while the boys' interrelationship and interaction with both parties was normal and healthy, the boys did express some negative feelings about their relationship with their mother and desired not to live with her in Boulder. Also, the court considered the interaction and interrelationship of the boys with other people who may significantly affect their best interest. The record indicates that all four of the boys' grandparents live in the Sidney area, along with assorted maternal and paternal cousins, aunts and uncles.

This Court recognizes that in considering the findings issued by the District Court and the guidelines listed by § 40-4-212, MCA, there are factors that point favorably toward the mother in determining custody of the boys. However, as this Court explained in Gilmore v. Gilmore (1975), 166 Mont. 47, 51, 530 P.2d 480, 482:

> The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except on a clear showing of abuse of discretion. [Citing cases.]

5

Therefore, we hold that the District Court adequately considered the guidelines listed in § 40-4-212, and did not abuse its discretion in awarding the father custody of the children when they reach 12 years of age.

Similarly, we hold that the District Court did not abuse its discretion when determining the mother's visitation schedule. The trial court's determination of visitation was not punitive in nature, as the mother suggests, but rather focused upon what the trial court considered to be in the best interest of the children.

The second issue raised by Mrs. Obergfell is whether the findings of fact and conclusions of law of the District Court are supported by the evidence. In response to this issue, we note this Court will not set aside the trial court's findings of fact unless shown to be clearly erroneous. Rule 52(a), M.R.Civ.P., MCA, states in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Furthermore, findings of fact are not clearly erroneous if supported by substantial credible evidence:

> This Court's function . . . is not to substitute its judgment in place of the trier of facts but rather it is "confined to determine whether there is substantial credible evidence to support" the findings of fact and conclusions of law. (Citations omitted.) Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence. (Citations Omitted.)

Olson v. Westfork Properties, Inc. (1976), 171 Mont. 154, 557 P.2d 821, 823.

We conclude that there is substantial credible evidence on the record, as explained under issue number one to support the findings of fact and conclusions of law of the District

Court. Therefore, we affirm the District Court's determination of custody and visitation.

The final issue raised by Mrs. Obergfell is whether the District Court erred in failing to award her attorney's fees. The awarding of attorney's fees are governed by § 40-4-110, MCA, which states:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceedings under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

This Court has indicated that the awarding of attorney's fees under this statute is clearly permissive. See In Re the Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. Furthermore, the record indicates that the trial court was well appraised of the financial resources of both parties. Therefore, we find no abuse of discretion by the trial court in directing the parties to pay their own attorney's fees.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justice

7