No. 85-465

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
CHERYL G. GALLINGER,

        Petitioner and Appellant,

   and

JEFFREY R. WEISSMAN,

        Respondent and Cross-Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Crowley, Haughey, Hanson, Toole & Dietrich;
      T. G. Spear, Billings, Montana

   For Respondent:

      Berger Law Firm; Arnold A. Berger, Billings, Montana

---

Submitted on Briefs:  Jan. 23, 1986

Decided:  June 5, 1986

Filed:  JUN 5 - 1986

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by both the husband and wife from a judgment of the Yellowstone County District Court dividing the marital property of the parties, awarding child support and denying attorney's fees. We affirm.

Jeffrey Weissman ("husband") and Cheryl Gallinger ("wife") were married in September of 1965. They were separated in December of 1978 and their marriage was dissolved in December of 1982. The case proceeded to trial on division of property, maintenance and child support in June of 1984. The District Court issued its findings of fact and conclusions of law in April of 1985. Husband thereafter moved to amend the findings and conclusions and his motion was granted by the trial court. Judgment on the amended findings and conclusions was entered in June of 1985. Wife then moved to amend the judgment and her motion was denied. Wife subsequently filed her notice of appeal and husband then cross-appealed.

Husband is the general manager (since approximately 1976) of a Billings, Montana, steel business known as Carl Weissman & Sons, Inc. Husband is also a partial owner of this family business. In addition, husband is the total owner of two other steel companies called Northwest Steel, Inc. and Northwest Steel of Idaho.

Wife, throughout the marriage of the parties, was basically not employed outside the home except for a short period of time in which she owned a half interest in an interior decoration business known as "Attitudes and Interiors." Shortly after the parties' separation, wife sold her interest in this business although she is still qualified

as an interior design consultant. Currently wife is not employed outside the home except for limited part-time work as a sales clerk.

It should also be noted that the parties' marriage produced three children, two of whom are presently minors.

At the time of dissolution, the property and assets of the parties were quite extensive and complex. For the purposes of this appeal, it is only important to note that the net worth of the marital estate was approximately $600,000 and the District Court divided it as follows:

| ASSET: | WIFE | HUSBAND |
|---|---|---|
| 1) 226 Clark (family home) | $82,854.43 | $ |
| 2) Proceeds from sale of 910 Princeton | | 9,346.30 |
| 3) Red Lodge Cabin | 58,531.82 | |
| 4) *Laurel Frontage Road Property | | 34,236.08 |
| 5) *Baker Contract | | 6,900.00 |
| 6) *Havig Note | | 26,000.00 |
| 7) Northwest Steel and Northwest Steel of Idaho (wife's share to be paid in cash) | 134,333.333 | 268,666.66 |
| 8) Insurance a) Husband's life insurance | 18,167.00 | 2,927.00 |
| b) Carl Weissman & Sons insurance | | 20,805.00 |
| 9) Cash | 10,230.36 | |
| 10) Jewelry | 24,815.00 | |
| 11) Art & Furniture | 23, 740.00 | 4,530.00 |
| 12) Attitudes & Interiors contract | 15,674.00 | |
| 13) 1979 Saab | 4,500.00 | |

3

```
                TOTAL:      $372,845.94        $373.411.04

LIABILITIES:

1) *First Bank
      Billings loan      _____          $131,116.17

                         $372,845.94          $242,294.87

DIFFERENCE:
between property
division         $130,551.07

ONE HALF:        $65,275.54


To Pay for Northwest Steel Stock to wife
(above)          $134,333.33
CREDIT              65,275.54  (½ of difference between
                  $69,057.79        property division)
CREDIT               6,845.12  (½ of  inheritance  from
Cash to wife:      $62,212.67   husband's grandfather)

* (concerns Hannah-Weissman business venture)
```

The District Court further concluded that husband's interest in Carl Weissman & Sons, Inc. should not be included in the marital estate because the husband received his interest as a gift from his father and wife made no contribution, monetarily or otherwise, to the company. Husband's interest in Carl Weissman & Sons, Inc. was valued at $273,833.25 by the trial court.

The District Court also awarded husband and wife joint custody of their children. Husband was to pay child support payments to wife in the amount of $400 per month per child until the children reached majority or finished high school whichever occurred last. In addition, husband was ordered to maintain comprehensive medical insurance for the children with the parties dividing the cost of any medical treatment not covered by said insurance.

Finally, the District Court directed both husband and wife to bear the costs of his/her own attorney's fees.

At the outset, this Court feels it is necessary to note that this case is nothing short of a tangled mess. Between the complexity of the parties' marital property, the hostility between the parties themselves, and the parties' counsels' antagonistic relationship, it is little wonder this matter has dragged on for nearly six years. (The petition for dissolution was filed in September of 1979.) For this reason, we compliment Judge Speare on preparing a thorough and complete decision in this case as evidenced by his findings of fact, conclusions of law and judgment.

Wife now presents the following issues for review by this Court:

(1) Did the trial court fail to equitably apportion the property and assets of the parties?

(2) Did the trial court err in amending the original findings and conclusions?

(3) Did the trial court err in awarding $400 per month per child in support, and in refusing to require additional support for medical, religious and scholastic expenses?

(4) Did the trial court abuse its discretion in refusing to award attorney's fees and costs to wife?

Husband, on cross-appeal, also adds the following issues:

(5) Did the trial court err in awarding support of $400 per month per child?

(6) Did the trial court award wife a greater share of the marital estate than was justifiable by the evidence?

(7) Should the trial court have awarded attorney's fees to husband?

We find the issues presented by husband to be basically repetitive of the issues presented by wife (except, of

5

course, husband's issues seek a different result), therefore, we will incorporate husband's issues into the four issues presented by wife.

Husband, in his brief, also moves this Court to dismiss wife's current appeal on the grounds that the appeal was not timely. Husband's motion to dismiss is without merit and is hereby denied.

I.

Did the trial court fail to equitably apportion the property and assets of the parties?

Under this issue, wife specifically lists nine items to establish that the trial court failed to equitably apportion the property and assets of the parties. These items include: (1) failing to take into account the lack of cash flow, which leaves wife with no means of maintaining the property awarded; (2) failing to take into account wife's non-monetary contributions to the marriage; (3) undervaluing Northwest Steel; (4) excluding Carl Weissman & Sons from the marital estate; (5) excluding part of Northwest Steel from the marital estate; (6) charging Hannah-Weissman debt and inheritance against wife's entitlement; (7) failing to take into account husband's dissipation of assets after the separation of the parties; (8) giving credence to husband's testimony in the face of overwhelming evidence of his unreliability as a witness; and (9) valuing the family home too high.

Both parties are well aware of the standards of review established by this Court in dissolution proceedings. First, the standard of review regarding the division of marital

6

property under § 40-4-202, MCA, is well established. As this Court recently said:

> "In dividing property in a marriage dissolution the district court has far reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice."

In Re Marriage of Wessel (Mont. 1986), 715 P.2d 45, 50, 43 St.Rep. 405, 411; citing Becker v. Becker (Mont. 1985), 707 P.2d 526, 528, 42 St.Rep. 1541, 1543.

Second, this Court has repeatedly said it will not set aside a trial court's findings of fact unless shown to be clearly erroneous.

> "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.
>
> Furthermore, findings of fact are not clearly erroneous if supported by substantial credible evidence.
>
> This Court's function . . . is not to substitute its judgment in place of the trier of facts but rather it is 'confined to determine whether there is substantial credible evidence to support' the findings of fact and conclusions of law. [Citations omitted.] Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence. [Citations omitted.]"

Marriage of Wessel, 715 P.2d at 50; citing In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563-64, 42 St.Rep. 1414, 1417-18.

Wife argues the trial court clearly abused its discretion in dividing the property and assets of the

7

parties, thus violating the developed and applicable law, and also disregard the substantial evidence contained in the record in arriving at its findings of fact. Wife asserts that despite thirteen years of marriage, continued responsibility for three children and a much narrower earning capacity than husband, she was awarded a grossly inequitable share of the marital estate. We disagree.

As noted above, the property and assets of the parties were quite extensive and complex. This property acquired by the parties came into their possession by many different means including by gift, inheritance, business venture and personal employment. The trial court carefully studied this complicated assortment of property and assets and arrived at what it considered to be a just and equitable division of the marital estate. Wife now raises nine specific items which she argues clearly illustrates that the trial court inequitably divided the property and assets of the parties. In response to this assertion, we direct wife's attention once again to the standards of review regarding dissolutions quoted above, and also note:

> [T]his Court will not attempt to review every element of a complex property distribution in the same manner as might be done if an accountant were auditing. Our function is to examine whether there is substantial evidence to support the property distribution. Viewing the overall apportionment in light of the District Court's comprehensive and extensive findings of fact, and considering the complexities involved, we conclude that the property distribution . . . is affirmed.

In Re the Marriage of Williams (Mont. 1986), 714 P.2d 548, 554, 43 St.Rep. 319, 327.

We hold the District Court did not abuse its discretion in dividing the property and assets of the parties. In fact,

8

after reviewing the record, we find the trial court employed conscientious judgment in arriving at a substantially just result in a case where a just result was difficult to achieve. Further, we hold there is substantial credible evidence on the record to support the findings of fact and conclusions of law of the trial court. Therefore, we affirm the trial court's distribution of the marital estate.

II.

Did the trial court err in amending the original findings and conclusions?

As stated under the facts section of this opinion, after the trial court issued its original findings of fact and conclusions of law in April of 1985, husband then moved to amend this court document. This motion was granted by the trial court and judgment on the amended findings and conclusions was entered in June of 1985. Wife now asserts the trial court should have rejected husband's motion to amend. We disagree.

Husband appears to have correctly submitted his motion to amend pursuant to Rule 52(b), M.R.Civ.P. We agree with husband that his motion was not unreasonable due to the amount of time which had elapsed between the date of trial (June 1984) and the date on which the original findings and conclusions were issued (April 1985). Husband's motion appears mainly to have served as a reminder or "refresher" to the trial court that the complex and extensive property of the parties may not have been entirely equitably divided in the original findings and conclusions. Husband's motion apparently served its purpose because the trial court subsequently did amend a limited number of its findings and

9

conclusions. We hold such a use of a motion to amend is not unreasonable.

### III.

Did the trial court err in awarding $400 per month per child in support, and in refusing to require additional support for medical, religious and scholastic expenses?

Wife initially points out that during the prolonged pendency of this proceeding, husband paid (under order of the trial court) $500 per child per month in interim child support. Wife now argues there is no logical reason for the trial court to reduce her child support to $400 per child per month especially in light of the diverse financial positions of the parties. Wife also asserts the trial court further abused its discretion (besides reducing her child support) by refusing to require husband to cover all the uninsured medical costs for the children, and by refusing to require husband to aid in any educational, religious or recreational expenses for the children. Wife argues because of the trial court's abuse of discretion regarding child support and other related items, a substantial part of the burden of caring for the children and meeting their financial needs now falls on her new husband. We disagree.

The standard for reviewing child support awards made under § 40-4-204, MCA, is well-settled in Montana.

> The award made by the District Court will not be disturbed on appeal unless there has been a clear abuse of discretion resulting in substantial injustice.

Grenfell v. Grenfell (1979), 182 Mont. 229, 232, 596 P.2d 205, 207; see also In Re Marriage of Loegering (Mont. 1984), 689 P.2d 260, 41 St.Rep. 1892.

10

We hold the District Court, in making its child support award, adequately considered the items and factors set out in § 40-4-204, MCA. The record indicates the trial court heard testimony concerning the financial resources of the parties, the standard of living of the children before the separation, and other relevant factors. In fact, after reviewing the record, we find wife's award of $400 per month in child support ($9,600 a year) to be more than adequate based on the factors enumerated in § 40-4-204.

Further, we find no error in the trial court's ruling that the parties shall equally share the responsibility for any uninsured medical costs for the children, and also that husband is not required to aid in any educational, religious, or recreational expenses for the children. The trial court was in the best position to judge the respective needs of the parties, and we will not disturb its decision absent a clear abuse of discretion. In the instant case, we find no clear abuse of discretion.

That portion of the judgment regarding child support is affirmed.

IV.

Did the trial court abuse its discretion in refusing to award attorney's fees and costs to wife?

The awarding of attorney's fees are governed by § 40-4-110, MCA, which states:

> The court from time to time, after considering the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under chapters 1 and 4 of this title and for attorney's fees, including sums for legal services rendered and costs incurred prior to the

11

> commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

This Court has stated that the awarding of attorney's fees is clearly permissive under this statute. In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 42 St. Rep. 1414.

This Court has also stated in the past "that when the District Court refuses to award attorney's fees, it must indicate in the findings of fact, conclusions of law, or order why such fees were not awarded." See, Lewis v. Lewis (1982), 198 Mont. 51, 55, 643 P.2d 604, 606, and cases cited therein. Failure to set forth the specific reasons for denial of attorney's fees, we stated in these earlier cases, constituted remandable error.

We now hold the rule expressed in the Lewis opinion, and earlier opinions, to be revised. Such a rule is much too harsh to be applied on a general basis. We hold a more appropriate standard for reviewing a District Court's decision not to award attorney's fees under § 40-4-110 is whether the court abused its discretion in refusing to award such fees. Such a standard is more in line with this Court's other standards of review regarding dissolution actions, and also is more in line with § 40-4-110.

In the instant case, the record indicates the trial court was well appraised of the financial resources (and financial burdens) of both parties as required by § 40-4-110. After assessing this information, the trial court determined that neither party was entitled to be awarded attorney's fees. We find no abuse of discretion by the trial court in directing the parties to pay their own attorney's fees.

12

The judgment of the District Court is affirmed in all respects.

_____
Justices

We concur:

_____
Chief Justice

_____

_____

_____
Justices

13