No. 85-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
JACQUELINE LEE NALIVKA,

        Petitioner and Appellant,

   and

JOHN PETER NALIVKA,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James, Gray & McCafferty; Brian Bulger, Great Falls,
        Montana

    For Respondent:

        Morrison, Barron & Young; Robert D. Morrison, Havre,
        Montana

---

Submitted on Briefs: March 28, 1986

Decided: June 12, 1986

Filed: JUN 12 1986

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by the wife from an order of custody made by the District Court of the Twelfth Judicial District, Hill County, the Honorable Chan Ettien presiding. We affirm.

Jacqueline Nalivka ("wife") and John Nalivka ("husband") were married in 1978 in Havre, Montana. Two children were born of the marriage, namely Roman and Suzanne who were five years of age and three years of age, respectively, at the time of trial. Wife also had a minor child from a previous marriage named Jennifer. No attempt was ever made by husband to adopt Jennifer and therefore husband has no standing concerning her custody.

At the time of trial, wife was 26 years of age and had resided in Havre for ten years. She was a homemaker and was attending Northern Montana College on a full-time basis in pursuit of a degree in special education. Currently, wife is residing in Billings, Montana, in order to complete her work toward a degree in special education.

At the time of trial, husband was 30 years of age and a partner in a family owned business named "Pizza and Catering Kitchen" in Havre. Husband has resided in Havre his entire life.

After wife filed her petition for dissolution in January of 1984 and husband thereafter responded, trial of this matter was held in April of 1985. The parties had previously agreed to a division of their marital property and also neither party requested maintenance, so these issues were not in dispute during trial. Also husband agreed to pay wife her requested child support if she were awarded custody of the children. Therefore, the principal issue to be

2

decided by the trial court was the matter of custody regarding Roman and Suzanne.

In July of 1985, the trial court issued its findings of fact, conclusions of law, and decree which dissolved the marriage of the parties and ordered in part the following:

1. Husband shall have legal custody of the children (Roman and Suzanne) at all times, and their physical custody from August 24 to June 7 of each calendar year.

2. Wife shall have extended visitation and physical custody of the children from June 7 to August 23 of each calendar year.

3. While husband and wife are within a fifty-mile radius of each other, each non-custodial parent shall have the privilege of visitation on alternating weekends, with each non-custodial parent being responsible for picking the children up and returning them to the custodial parent.

4. Nothing herein shall limit agreed visitation periods.

5. Wife shall pay her own attorney's fees.

In light of the above trial court order, wife now presents the following issues for review:

1. Was the trial court's rejection without explanation of joint custody as requested by both parties error?

2. Did the trial court err in refusing to make findings concerning the interrelationship of all the children as mandated by § 40-4-212(3), MCA?

3. Was the grant of sole custody to husband in the children's best interests?

4. Is the fifty-mile radius limitation imposed by the trial court reasonable and in the best interests of the children?

3

5. Did the trial court err in refusing to order husband to pay wife's attorney's fees?

### Custody

The first three issues presented by wife may be discussed together.

Wife points out at the beginning of trial she put the court on notice that she would not object to an award of joint custody regarding Roman and Suzanne. Further, wife notes that both parties requested joint custody in their proposed findings of fact. Wife also asserts that the parties' request for joint custody triggered the provisions of § 40-4-224, MCA (1983), which states in pertinent part:

> (1) Upon application of either parent or both parents for joint custody, the court shall consider whether or not joint custody is in the best interests of a minor child. If the court declines to enter an order awarding joint custody, the court shall state in its decision the reasons for denial of an award of joint custody.

Wife now argues a close reading of the trial court's findings of fact and conclusions of law does not contain any indication of why the parties' request for joint custody was rejected. Wife points out this type of omission by the trial court has been held to constitute reversible error. See, Murphy v. Murphy (Mont. 1983), 666 P.2d 755, 40 St.Rep. 1188. Therefore, wife argues, because the trial court's findings and conclusions do not comply with § 40-4-224, MCA (1983), the custody award must be vacated and this cause remanded for further proceedings. We disagree.

The trial court made it clear at the outset of trial that although joint custody had been requested by both parties, it would make its determination of custody based

4

only upon what was in the best interests of the children: "Of course, you understand that the court must award in the best interests of the children even if there is an agreement."

Judge Ettien went on in his decision to make numerous and specific findings which clearly reflected why it would not be in the best interests of the children to be placed in the joint custody of the parties.

1. Wife is chronically dirty and slovenly in the care of her house and her children. She has not made even a pretense of maintaining a semblance of cleanliness and order in her home during the pendency of this action.

2. The complete lack of sanitation in her housekeeping and child care, and her indifference in serving nourishing food to the children are a threat to their health, and an invitation to the children to adopt similar habits.

3. The above is in contrast to her own meticulous dress and grooming when she is pursuing her outside interests.

4. Wife, for now and the foreseeable future, is more interested in obtaining her personal ends. This, coupled with her lack of interest in housekeeping and child care, will not provide the children with a homelife which they need now and in the foreseeable future.

5. Husband appears significantly more interested and dedicated to the welfare of the children. While it is recognized both parents love their children and want the best for them, husband's actions show a far deeper concern for the good of the children than those of wife.

6. It is not in the best interests of the children to be in joint custody of the parties, but in the custodial care

of the husband subject to visitation privileges in the parents as set forth herein.

In light of these findings, we hold the trial court adequately followed the requirements of § 40-4-224, MCA (1983), in stating why it rejected the parties' request for an award of joint custody.

We further hold the trial court correctly followed the applicable law in making its award of legal custody to husband. As wife correctly points out, an award of custody is to be determined in accordance with the best interests of the children. In determining custody in accordance with these interests, the trial court is statutorily required to consider a number of factors pursuant to § 40-4-212, MCA.

> The court shall determine the custody in accordance with the best interest of the child. The court shall consider all relevant factors including: (1) the wishes of the child's parent or parents as to his custody; (2) the wishes of the child as to his custodian; (3) the interaction and interrelation of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest; (4) the child's adjustment to his home, school, and community; and (5) the mental and physical health of all individuals involved.

Wife now argues the trial court erred in not making specific findings which addressed the requirements listed in § 40-4-212, especially with regard to subsection (3). We note that although the trial court did not specifically discuss the factors set out in § 40-4-212, it did make numerous findings which generally satisfied the statute. This Court has stated that a trial court's findings need not be in any particular form if there is substantial credible evidence to support the trial judge's judgment on the merits. See, In Re Marriage of Baron (1978), 177 Mont. 161, 580 P.2d

6

936. Although this Court would prefer a trial court to specifically address the factors listed in § 40-4-212 in its findings, failure to do so is not always fatal.

In the present case, Judge Ettien made numerous findings which basically addressed the factors set out in § 40-4-212. These findings were also supported by substantial credible evidence in the record. Specifically, with regard to subsection (3) (the interaction and interrelationship of the children with others), Judge Ettien found that wife was more interested in satisfying her own personal needs, and this coupled with her lack of interest in housekeeping and child care, would not provide the children with a homelife which they needed now and in the foreseeable future. Also, Judge Ettien noted that husband had a deeper concern for the good of the children than did wife.

We hold that although the trial court did not specifically discuss the guidelines contained in § 40-4-212, it did adequately consider these items in making its award of custody to husband.

We further note that after reviewing the record in this case, there are several factors that point favorably toward wife in determining custody of the children. However, we note it is not a question of the particular fitness of either parent, but rather what is in the best interests of the children. As this Court has stated:

> The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except on a clear showing of abuse of discretion. [Citing cases.]

7

In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563, 42 St.Rep. 1414, 1417.

We hold the trial court did not abuse its discretion in awarding husband custody of the children.

## Visitation

Under the fourth issue, wife notes the trial court chose to limit the parties' weekend visitation rights to only those times when the parties might live within a fifty-mile radius of each other. Wife now argues neither parties' visitation rights (especially her's) should be so limited without a compelling reason being stated by the trial court in its decision.

In its findings and conclusions (as stated earlier), the trial court ordered the following:

1. While husband and wife are within a fifty-mile radius of each other, each non-custodial parent shall have the privilege of visitation on alternating weekends, with each non-custodial parent being responsible for picking the children up and returning them to the custodial parent.

2. Nothing herein shall limit agreed visitation periods.

We find the above fifty-mile radius limitation imposed by the trial court to be both reasonable and also in the best interests of the children. Although the trial court did not specifically state the reasons why it imposed such a limitation, its purpose seems clear. As indicated in the facts section of this opinion, wife is currently living in Billings while completing her degree in special education. The trial court realized that allowing alternating weekend visitation with the non-custodial parent would be a hardship

8

on the children (not to mention the parents) if the children had to travel continuously between Billings and Havre. The trial court appears to have balanced the benefit of having the children visit their non-custodial parent every other weekend with the risk and inconvenience of having the children travel frequently between Billings and Havre. We agree with the trial court that a fifty-mile visitation restriction is not unreasonable and also appears to be in the best interests of the children.

It is also important to note that the trial court concluded and ordered that nothing in its decision should be construed so as to limit agreed visitation periods between the parties. By this statement the trial court left open to the parties any visitation arrangements they might agree upon between themselves. Such an opportunity takes away the apparent harshness of the fifty-mile radius limitation, and appears to give wife (and husband) ample opportunity to visit the children. Further, the parties gave every indication during trial that liberal visitation arrangements would not be a problem between them in the future.

Therefore, the fifty-mile radius limitation imposed by the trial court is not an abuse of its discretion.

## Attorney's Fees

Under the last issue, wife contends the trial court erred in refusing to order husband to pay her attorney's fees. We disagree.

As both parties are well aware, the awarding of attorney's fees are governed by § 40-4-110, MCA. This Court has repeatedly said that the awarding of attorney's fees is

9

clearly permissive under this statute. <u>Marriage of</u> <u>Obergfell</u>, 708 P.2d at 564.

Wife further correctly points out this Court has stated in the past that when a trial court refuses to award attorney's fees under § 40-4-110, it must indicate its reasons for refusing to grant such fees. See, In Re Marriage of Gauthier (1982), 201 Mont. 320, 654 P.2d 517. In the instant case, the trial court refused to award wife her attorney's fees and did not indicate any specific reasons for such a denial. In the past, this lack of specificity by the trial court would have constituted remandable error, but this is not always true today. This Court has very recently adopted a new standard for reviewing a trial court's decision not to award attorney's fees under § 40-4-110.

> This Court has also stated in the past "that when the District Court refuses to award attorney's fees, it must indicate in the findings of fact, conclusions of law, or order why such fees were not awarded." See, Lewis v. Lewis (1982), 198 Mont. 51, 55, 643 P.2d 604, 606, and cases cited therein. Failure to set forth the specific reasons for denial of attorney's fees, we stated in these earlier cases, constituted remandable error.
>
> We now hold the rule expressed in the <u>Lewis</u> opinion, and earlier opinions, to be revised. Such a rule is much too harsh to be applied on a general basis. We hold a more appropriate standard for reviewing a District Court's decision not to award attorney's fees under § 40-4-110 is whether the court abused its discretion in refusing to award such fees. Such a standard is more in line with this Court's other standards of review regarding dissolution actions, and also is more in line with § 40-4-110.

In Re the Marriage of Gallinger and Weissman (Mont. 1986), _____ P.2d _____, _____, _____ St.Rep. _____, _____, (No. 85-465; decided June 5, 1986).

In the instant case, we hold the trial court did not abuse its discretion in refusing to award wife her attorney's fees. The record indicates the court was well aware of the financial resources of both parties as required by § 40-4-110. After considering this information, the court concluded that neither party was entitled to be awarded attorney's fees. Although wife clearly is not in as strong a financial position as husband, the record indicates she still has sufficient financial means to be responsible for her own attorney's fees.

The judgment of the District Court is affirmed in all respects.

Justice

We concur:

Chief Justice

Justices

11