No. 86-428

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
VICKI LYNNE DUNN,

        Petitioner and Respondent,

  and

DOUGLAS REED DUNN,

        Respondent and Appellant.

---

APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Swandal, Douglass Law Firm; William F. Frazier, Jr.,
Livingston, Montana

    For Respondent:

        Knuchel & McGregor; Daniel B. McGregor, Livingston,
Montana

---

Submitted on Briefs: Jan. 22, 1987

Decided:   April 16, 1987

Filed:  APR 16 1987

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from the Sixth Judicial District by husband, Douglas Reed Dunn, from the findings of fact, conclusions of law and decree of dissolution which relate to child custody and support. We affirm.

The issues raised on appeal are:

1. Whether the court erred in its valuation of the personal property of the parties.

2. Whether the court erred in failing to award joint custody of the children to the parties.

3. Whether the court erred in its determination and award of child support payments.

Appellant, Doug Dunn, and respondent, Vicki Dunn, were married on September 6, 1980. When they married, Vicki and Doug both worked for the Bell Telephone system earning approximately equal salaries. They continued to work until March, 1984, when twin daughters, Colleen and Shelley were born. At that time Vicki quit work to raise the girls. She did not seek employment outside the home until it became clear that she and Doug were going to separate.

Doug admitted to having several extramarital affairs while married to Vicki and openly pursued one relationship. Vicki repeatedly asked that Doug stop seeing the woman, but he refused. Eventually, Vicki felt that she and Doug had to live separately and moved out of the family home due to Doug's refusal to leave. After Vicki and the girls moved out, Doug's girlfriend moved into the house with Doug.

On May 31, 1985, Vicki filed a petition for dissolution, custody, support, property settlement, maintenance and

attorney fees.  Doug filed a counterpetition seeking custody of the girls.

In September, 1985, the court granted temporary custody and support to Vicki.  On October 4, 1985, the court issued an order approving its previous temporary order with a modification of the support payments.  On the same day, without knowledge of the court order the parties stipulated to support, maintenance and that Vicki could take the children to California where she was seeking employment. Vicki moved five times in less than a year while seeking employment to support herself and the twins.  She moved with them to California in October of 1985 and presently lives in Washington where she works as a cable splicer for General Telephone.  Vicki and the twins live with a retired gentleman who has been a long-term friend of Vicki's.  She pays him for rent, food and childcare.  The living environment in Washington was found to be fit and proper for the girls.

In March, 1986, a hearing was held to resolve the issues of support, custody and property settlement.  The District Court entered its findings of fact, conclusions of law and decree of dissolution of marriage in April, 1986.

Doug Dunn filed several post-judgment motions, but due to delays caused by difficulty in obtaining a judge to hear the motions, the deadline for consideration expired.

Doug appeals from the April 21, 1986, judgment.

I.

On appeal, Doug Dunn claims that the trial court erred in its valuation of the personal property of the parties.  We hold that the lower court did not err.

In numerous decisions this Court has held that where there are conflicting valuations of property, the court must give an explanation for its determination of value.  If no explanation is made, it is an abuse of the court's

- 3 -

discretion. In re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 83, 42 St.Rep. 623, 627; In re Marriage of Wolfe (Mont. 1983), 659 P.2d 259, 262, 40 St.Rep. 211, 214.

The District Court heard testimony from both parties concerning the value of personal property which Doug and Vicki Dunn brought into the marriage and acquired during the marriage. No qualified appraiser was called to give an opinion as to the value of this property. The District Court judge is in the best position to judge the credibility of the witnesses and determine the weight to be given their testimony. Rule 52(a), M.R.Civ.P.

In the present case, the District Court found that:

> The marital estate determination presents great difficulty to the court because of the almost total lack of agreement between the parties as well as great disparity on value, which has been guessed at by each of the parties but unsubstantiated by any qualified appraiser. The court therefore accepts the list of property as submitted by the Petitioner and assumes a depreciation factor of 0.25 on all values.

In its discretion, the District Court found Vicki's valuations to be the more credible than those submitted by Doug. The court imposed a depreciation factor of .25 on the values to ensure against an inflated estimation. We find that this is not a clearly erroneous abuse of the court's discretion and affirm the District Court's valuation of the parties' personal property.

The second issue raised on appeal is whether the District Court erred in failing to award joint custody of the children to the parties. We hold that it did not err.

The well established standard of review is that this Court will not disturb a district court's findings unless there is a "clear preponderance of evidence against such

- 4 -

findings." Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944.

In _Rolfe_, we stated:

The trial judge in a divorce proceeding is in a better position than this court to resolve child custody. The district court's decision is presumed correct and will be upheld unless clear abuse of discretion is shown. The appealing party must show, by clear error (Rule 52(a), M.R.Civ.P.) that the record does not support the judgment of the district court.

699 P.2d at 82.

In determining the custody of children the court is required to follow § 40-4-212, MCA, which outlines the "best interest of (the) child." Although § 40-4-222, MCA, makes the presumption that joint custody is in the best interests of the child, it allows the court discretion in determining what the "best interests" are in each case. There is no mandate that joint custody must be awarded even if both parents are found to be fit and proper.

In this case, the court made detailed findings that, although both Doug and Vicki are both fit parents, it is in the best interests of the children for Vicki to be the primary custodial parent. Doug's living situation and lifestyle do influence the children's well being and reflect on the home environment which Doug could provide for them. The court's finding that Doug has a propensity for liaisons with females outside the household was made with respect to the stability of Doug's home as a healthy environment for the girls. The record and findings show substantial reasons why joint custody would not be in the twin infant girls' best interest including; the geographical distance between the parties of 750 miles, the inability of the parties to communicate regarding issues involving their children due to the interference of Doug's present female cohabitant, Doug's

record of indifference with respect to visitation of his children, the mother's role as primary caretaker for their entire two years of life, and Doug's difficulties in dealing with young children, namely his daughters, when they are fussy.

This Court will not set aside findings of the District Court unless they are clearly erroneous. Findings are not clearly erroneous if supported by substantial credible evidence. Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563, 42 St.Rep. 1414, 1417-18. There is substantial credible evidence to sustain the custody determination and it is affirmed.

The final issue raised by Doug is whether the District Court erred in its determination and award of child support payments. We hold that it did not err.

Child support awards made by the District Court will not be disturbed on appeal unless there is a clear abuse of discretion resulting in substantial injustice to a party. In re Marriage of Alt (Mont. 1985), 708 P.2d 258, 261, 42 St.Rep. 1621, 1626. Although Doug has many financial obligations including debts from the parties' marriage and child support from a previous marriage, the court found that $200 per month per child was an appropriate support award. The court based this award on the equal salaries of the parties, the needs of the children and Doug's ability to pay the amount. The record supports the District Court's decision awarding child support and shows no clear abuse of discretion. The support award is affirmed.

Doug argues further that the court's finding which requires him to pay a back support payment for the month of February 1986 is in error. The record supports the court's finding that Doug's monthly payments were payment for the previous month and that Doug did not pay child support for

the month of February 1986. The debt obligation will not be disturbed.

The lower court's decision is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

John L. Sheehy

_____
Justices

- 7 -