No. 86-239

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
J. J. C.,

        Petitioner and Appellant,

  and

P. R. C.,

        Respondent and Appellee.

---

APPEAL FROM:  District Court of the Eighth Judicial District,
In and for the County of Cascade,
Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Cotter & Cotter, Michael W. Cotter, Great Falls, Montana
        Richard Lynn Ducote, New Orleans, Louisiana.

    For Respondent:

        Ryan & McAllister, Robert W. Heilig, Billings, Montana
        Crowley, Haughey, Hanson, Toole & Dietrich; Bruce R.
        Toole, Billings, Montana
        Moses Law Firm, Charles T. Moses, Billings, Montana.
        Paula Jampsa, Great Falls, Montana

---

Submitted on Briefs:  January 29, 1987

Decided:  June 25, 1987

Filed:  JUN 25 1987


_Ethel M. Harrison_
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


This is an appeal brought by both parties from a marital dissolution order of the Eighth Judicial District, Cascade County, awarding wife custody of the parties' only child, child support and a $15,000 property settlement, while denying her request for attorneys' fees. We affirm.

J.J.C. and P.R.C. were married in October, 1979. However, within a very short time, problems arose and by July, 1980, wife had moved out of the couple's house and had returned to her home in Great Falls.

Wife was pregnant at the time of the separation and in August, 1980, gave birth to a son named J.C. This separation proved to be more or less final, and although the parties made many attempts at reconciliation and stayed at each other's houses frequently, they never resumed their marital relationship. Husband filed for dissolution in May, 1981. Their last cohabitation was in January, 1983.

Wife was given temporary custody of J.C. until trial on the issues of child custody, child support and distribution of property could be had. However, in 1984, while the case was still pending, husband moved for temporary custody, claiming that J.C. had been sexually molested by a boyfriend of wife's. A hearing was held on July 9, 1984, after which custody was transferred to husband. The District Court granted wife visitation rights, providing that she discontinue her relationship with the boyfriend. She did.

While the marriage was finally dissolved in the spring of 1985, the issues of child custody, child support and distribution of the marital property were not settled until after a trial held in October and November, 1985. In March,

1986, the District Court issued its formal decree, granting custody of J.C. to wife, awarding wife $275 child support per month and $15,000 cash in lieu of the division of the marital estate. The court refused wife's request for attorney's fees. Both parties now appeal.

The first issue raised by husband is whether the District Court erred in awarding custody of J.C. to wife. The second issue is raised by both husband and wife. Both claim the District Court erred in dividing the marital property. Additionally, wife claims the District Court erred in its determination regarding the amount of child support awarded, erred by failing to compel husband to make full financial disclosure, and erred by refusing to award P.R.C. attorney's fees.

We will address the custody issue first. Husband asserts that the District Court abused its discretion by granting custody to wife in the face of evidence suggesting that J.C. was sexually abused while under wife's care and may be at risk of further abuse. He also asserts that the court ignored evidence in making its findings of fact under § 40-4-212, MCA.

Section 40-4-212, states:

The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community; and

(5) the mental and physical health of all
individuals involved.

Husband concedes that the District Court made sufficient findings on the elements contained in subsections 1, 2 and 4, but argues that it ignored evidence in making findings regarding subsections 3 and 5. Husband asserts that the trial court did not consider all the available evidence when it considered subsections 3 and 5. We disagree.

In support of his argument that the trial court ignored evidence that weighed to his advantage regarding wife's mental health, husband points to the negative evidence available suggesting that she was hallucinatory and suffered from delusions. This Court notes that the trial court seriously considered this testimony, but that it weighed it against expert and character witnesses attesting to wife's overall good mental health and emotional improvement. This is the role of the trial court. "The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his decision ought not to be disturbed except on a clear showing of abuse of discretion." In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563, 42 St.Rep. 1414, 1417, see also In Re the Marriage of Nalivka (Mont. 1986), 720 P.2d 683, 43 St.Rep. 1079.

In a parallel argument, husband asserts that the District Court ignored the evidence he presented that wife was ineffective in disciplining J.C. He maintains that this evidence is central to the court's findings pertaining to subsection 3, and that the District Court did not effectively address "the interaction and interrelationship of the child with his parent or parents . . . ."

- 4 -

It is clear to this Court that when the District Court weighed the evidence, it gave ample attention to the facts argued by husband. Nonetheless, custody was awarded to wife. The arguments presented to this Court do not suggest that the trial court erred. There is no clear showing that the trial court abused its discretion in concluding that custody go to wife. None of the factors of § 40-4-212 have been overlooked in reaching the conclusion. The trial court's findings were sufficiently explicit and supported by substantial evidence. We affirm its decision.

Finally, husband points to evidence suggesting that wife's boyfriend sexually abused J.C. and argues that the District Court failed to fully consider the implications of awarding the custody to wife. We disagree. The District Court found:

> Although never confirmed, the alleged perpetrator of the molestation was an acquaintance of Respondent. Upon learning of the molestation, Respondent immediately severed contact with the alleged perpetrator. There is no evidence to indicate that Respondent was in any way involved in the sexual molestation. In this regard, Dr. Krajacich, the child's psychologist, testified that he did not think that Respondent knew of, was present during, or participated in the sexual abuse of the child.

This Court will not substitute its judgment for that of the trier of fact. In this case, the trial court is in the best position to observe the witnesses and acquire a feel for their credibility and character. The evidence presented in husband's argument to this Court is the same as that presented to the trial court. Husband's evidence does not outweigh the substantial credible evidence justifying the award of custody to wife.

The second issue, raised by both husband and wife, is whether the District Court erred in dividing the marital

property. The District Court ordered husband to pay wife $15,000 over a two-year period. Husband had requested that wife be given nothing, arguing that she had contributed nothing to the marriage. Wife requested that she be given half of the net marital estate. The District Court explained its conclusion:

> Although the parties were married only a relatively short period of time before the Petition for Dissolution was filed and although [wife] did not contribute financially to the marriage, I do not conclude that [wife] is not entitled to anything as proposed by [husband]. The decision that [wife] quit her job was a joint one. It allowed the parties to be able to spend more time together and to travel. While it is true that the parties could have had children even if [wife] had not quit work, the fact is that [wife] did become pregnant shortly after the marriage, which was the intention of the parties. Because of this, I conclude that [wife] is entitled to something although certainly not half as requested by her. Because the parties did not acquire any property jointly and because of the nature of the property and the manner in which the issue was submitted, I conclude that the only equitable and reasonable way in which the property can be apportioned is for [husband] to make a cash payment to [wife] and I determine that under the circumstances of this case a reasonable amount would be $15,000 which could be paid over a period of 2 years. In addition [wife] should be entitled to keep the various items of personal property which were given to her during the marriage and which she now has in her possession.

Wife contends that the trial court did not properly assess her contribution to the estate, arguing that her contribution as a wife and mother should be given equal weight against husband's monetary contribution for the purposes of dividing the marital property, even though husband provided the bulk of the marital estate. She cites Jacobson v. Jacobson (1979), 183 Mont. 517, 600 P.2d 1183, to support her proposition. We note that Jacobson concerns

distribution of a family ranch after a 25 year marriage. The investment of the wife in that case is easily distinguished from the instant case, where the wife's nonmonetary contributions were minimal and the marriage was short in duration.

> This Court's function . . . is not to substitute its judgment in place of the trier of facts but rather it is "confined to determine whether there is substantial credible evidence to support" the findings of fact and conclusions of law. (Citations omitted.) Although conflicts may exist in the evidence presented, it is the duty and function of the trial judge to resolve such conflicts. His findings will not be disturbed on appeal where they are based on substantial though conflicting evidence. (Citations omitted.)

In re the Marriage of Gallinger & Weissman (Mont. 1986), 719 P.2d 777, 780-781, 43 St.Rep. 976, 981; Marriage of Wessel (Mont. 1986), 715 P.2d 45, 50, 43 St.Rep. 405, 411-412.

Both wife and husband have failed to show that the court's evaluation of their contributions was arbitrary, without conscious judgment or beyond the bounds of reason. We find substantial evidence to support the District Court's finding that wife made no contribution toward the acquisition or preservation of husband's estate. We also hold that the District Court properly ordered the $15,000 payment to wife rather than force division of property in which she had only a brief interest. Further, we believe the District Court correctly refused husband's argument that wife receive nothing; for in fact wife did leave her job to care for their child and contributed as a homemaker in their relatively brief period of cohabitation.

As part and parcel of her argument regarding distribution of the marital estate, wife argues that the District Court erred by failing to compel husband to make full financial disclosure. Wife presents insubstantial

- 7 -

evidence detailing the specifics of her charge. Clearly, husband's representations and inconsistencies over the amount of his estate were presented in full to the District Court. As we have stated before, the District Court's judgment will not be altered without a showing of clear abuse of discretion. The test of discretion is whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason, resulting in substantial injustice. In re the Marriage of Gallinger & Weissman, supra. The District Court's findings were sufficient to support its property division in this matter.

Wife further contends that the District Court acted arbitrarily in determining that J.C. had financial needs of approximately $450 per month, and that this justified a child support payment to her from husband of $275 per month. Wife argues that husband's schedule of J.C.'s financial needs showed $1,044 per month while her assessment suggested the support of J.C. cost $630 per month.

The District Court found that if the marriage had not been dissolved, the child would have enjoyed a very good standard of living and determined his support costs to be $450 per month. The District Court made this assessment based on substantial evidence placed in the record by the parties relating to J.C.'s physical, medical and emotional needs. Again, there is nothing to suggest that the District Court erred in reaching the support figures.

Finally, wife argues that the trial court erred in failing to award her attorney's fees. She asserts that husband's conduct has been vexatious, harassing and unreasonable under the circumstances, directing this Court's attention to matters not within the record on this appeal. She argues that husband's activities have resulted in

- 8 -

needless legal proceedings, again pointing in part to matters not within this record.

The awarding of attorney's fees is governed by § 40-4-110, MCA. The standard for reviewing a district court's decision not to award attorney's fees under § 40-4-110 is whether the court abused its discretion in refusing to award such fees. In re Marriage of Nalivka (1986), 720 P.2d at 688, 43 St.Rep. at 1085; In re Marriage of Gallinger & Weissman (Mont. 1986), 719 P.2d 777, 43 St.Rep. 976. Wife argues that the trial court abused its discretion because it failed to state reasons for the denial. In the past, this lack of specificity would have constituted remandable error. However, this Court, in In re the Marriage of Gallinger & Weissman, specifically overruled that requirement, adopting instead the "abuse of discretion" standard for reviewing the District Court's award of attorney's fees.

In this case, we hold the trial court did not abuse its discretion in refusing to award the wife her attorney's fees. The record indicates the court was well aware of the financial resources of both parties, and, although the wife was clearly not in as strong a financial position as the husband, the record indicates she still has sufficient financial resources to be responsible for her own attorney's fees.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 9 -

_____

_____
K. C. Gullbrandson

_____
William E. Hewitt

_____
R. C. McDonough
Justices