No. 92-117

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

RICHARD J. SEWELL,

     Petitioner and Appellant,

  and

SUSAN R. SEWELL,
nka SUSAN SALAK,

     Respondent and Cross-Appellant.

APPEAL FROM:  District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable James E. Purcell, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          R. J. "Jim" Sewell, Jr., Smith Law Firm,
Helena, Montana

     For Respondent:

          Barbara E. Bell, Attorney at Law,
Great Falls, Montana

Submitted on Briefs:  December 17, 1992

Decided:  January 12, 1993

FILED

JAN 12 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Richard J. Sewell appeals from the decision of the District Court for the Third Judicial District, Powell County. Following a trial in this matter the District Court awarded the parties joint custody of their minor child, with primary physical residential custody to respondent, Susan R. Sewell, n/k/a Susan Salak. The District Court also determined child support and medical reimbursement issues which are contested on appeal. We affirm.

Richard raises two issues on appeal:

1. Was it an abuse of discretion for the District Court to receive into evidence certain testimonial and documentary evidence relating to child support and medical reimbursement issues?

2. Were the District Court's findings of fact, conclusions of law, and order concerning the custody determination sufficiently comprehensive and based upon substantial evidence?

Susan and Richard were married on September 11, 1976, in Great Falls. During the course of their marriage, the parties had one child, Kristopher Shane Sewell, who was born in February 1984. On October 12, 1984, a decree of dissolution was entered in Lewis and Clark County. Prior to their dissolution, the parties had resided in Helena. The petition for dissolution requested that the District Court approve and incorporate into the decree of dissolution a property settlement, custody, and support agreement previously entered into by the parties. The District Court found

2

the parties' agreement to be fair, reasonable, and not unconscionable, and incorporated the agreement in the decree of dissolution.

Since the parties' dissolution of marriage in October 1984, there have been numerous interim modifications of the custody and support agreement. The District Court found that throughout this time period the parties have had joint custody of their minor child, with the child's primary residence varying from time to time. The District Court also found that no permanent or final custody or support agreement had ever been executed by the parties.

In March 1987, Richard filed a petition to have permanent custody determined by the District Court. Susan filed a counterpetition seeking similar relief. Subsequent to March 1987, several more interim agreements were entered into by the parties. This matter finally came to trial in September 1991.

Richard now resides in Deer Lodge where he is employed by Cottonwood Vending, a family-owned business which owns and leases gaming and vending machines. Richard and his new wife have a son who was two years old at the time of trial. Susan now lives outside of Chicago, Illinois. She has also remarried and has an infant daughter. Susan is employed as an area director/manager with Kindercare, a corporation which operates daycare centers.

At trial both parties agreed that they should continue to have joint custody of their minor child, but disagreed as to which party should have primary physical residential custody during the school

year.  Child support and reimbursement for medical expenses incurred were also issues at trial.  The District Court entered its lengthy findings of fact, conclusions of law, and order in November 1991.  The District Court found both parties to be fit parents and that there was no indication that either parent lacked adequate caretaking skills.  The District Court awarded the parties joint custody, with primary physical residential custody to Susan.  The minor child was to reside with Susan during the school year and with Richard during the summer.  The District Court ordered Richard to pay child support in the amount of $162 per month.  The District Court also determined that Richard owed Susan $1725.20.  This amount was based primarily on medical expenses paid by Susan for which Richard was obligated, under the interim agreements, to reimburse her.  Finally, the District Court ordered that each party pay their own attorney fees and costs.  This appeal followed.

I

Was it an abuse of discretion for the District Court to receive into evidence certain testimonial and documentary evidence relating to child support and medical reimbursement issues?

Richard alleges that substantially all of Susan's evidence relating to child support and reimbursement for paid medical expenses should have been excluded by the District Court because of Susan's alleged failure to comply with discovery.  The control of discovery activities and rulings on the admissibility of evidence are within the discretion of the district court.  Bache v. Gilden

4

(1992), 252 Mont. 178, 827 P.2d 817. Absent an abuse of discretion, this Court will not reverse a district court's ruling on the admissibility of evidence. Cooper v. Rosston (1988), 232 Mont. 186, 756 P.2d 1125. However, even an abuse of discretion by a district court in allowing into evidence that which properly should have been excluded is not always grounds for reversal. The abuse of discretion will not warrant a reversal, unless it is so significant as to materially affect the substantial rights of the complaining party. Rule 61, M.R.Civ.P.; Zeke's Distributing Co. v. Brown-Forman Corp. (1989), 239 Mont. 272, 779 P.2d 908.

Specifically, Richard alleges that Susan failed to produce her tax returns, bank statements, copies of medical records/statements and records of past child support payments. Richard filed a motion to compel discovery pursuant to Rule 37, M.R.Civ.P., and alleges that while a written order was not entered by the District Court, Susan was directed orally by the District Court during a telephone conference call to provide the requested discovery. Richard made a motion in limine prior to trial requesting that the District Court exclude all evidence Susan might attempt to offer which had not been furnished in response to discovery requests. Richard asserts that the District Court's award of $1725.20 to Susan was based upon inadmissible evidence and should be reversed. Richard does not appear to contest the accuracy of the District Court's determination of child support pursuant to the Child Support

5

Guidelines, but argues that the District Court's determination was based upon inadmissable evidence.

Susan contends she did comply with Richard's discovery requests. Susan points out that she submitted financial information on the form requested by the District Court. Susan also indicates that while she did not produce her tax returns, she did produce her W-2 forms. At trial, the District Court clearly indicated that production of the W-2 forms was sufficient. At the time Susan filed her motion for reimbursement of paid medical bills, Susan alleges that she listed the bills, to whom they were owed, and the amounts she was seeking. Susan contends that throughout the time period in question the insurance was in Richard's name and that he was receiving most of the statements from the insurer. Prior to trial, Susan alleges that she produced the bills and statements that were in her possession. Susan concedes that she did not produce copies of past bank statements, but argues that if she had been able to find these documents she would have been able to prove her entitlement to additional reimbursements. Finally, Susan notes that the District Court advised Richard, after he initially objected to the introduction of the evidence, that he would be allowed sufficient time to review the documents so that he could adequately prepare to conduct cross-examination.

While the production of some of these documents by Susan did not occur until shortly before trial, it does not appear that Susan

failed to comply with discovery requests. Additionally, it appears that Richard was either in possession, or should have been in possession, of the many of the documents he requested. The District Court did not abuse its discretion in allowing in this evidence.

## II

Were the District Court's findings of fact, conclusions of law, and order concerning the custody determination sufficiently comprehensive and based upon substantial evidence?

The District Court awarded the parties joint custody of their minor child, with the child to reside with Susan during the school year and with Richard during the summer. Richard contends the District Court erred in awarding the parties joint custody of the minor child with primary physical residential custody with Susan and liberal visitation rights to Richard. Richard had requested joint custody with primary residency with him. On appeal, Richard contends that the District Court's findings were insufficiently comprehensive and that the findings and conclusions were not based on substantial evidence.

Section 40-4-212, MCA, requires custody determinations be made in accordance with the best interests of the child as determined by the District Court after considering the following criteria:

> (a) the wishes of the child's parent or parents as to his custody;

> (b) the wishes of the child as to his custodian;

7

(c) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

(d) the child's adjustment to his home, school, and community;

(e) the mental and physical health of all individuals involved;

(f) physical abuse or threat of physical abuse by one parent against the other parent or the child; and

(g) chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

This list is not all inclusive. This Court has suggested that the parents' ability to cooperate in their parental roles and the geographical proximity of the parents' residences are at least two additional factors which the district court should consider. In re Custody and Support of B.T.S. (1986), 219 Mont. 391, 712 P.2d 1298.

When reviewing custody issues, this Court must first determine if the factors set out in § 40-4-212, MCA, were considered by the district court. In re Marriage of Jacobson (1987), 228 Mont. 458, 743 P.2d 1025. While it is encouraged, the trial court need not make specific findings on each of the factors. However, failure to at least consider all of the statutorily mandated factors is error. In re Marriage of Speer (1982), 201 Mont. 418, 654 P.2d 1001. The custody determination must be based on substantial evidence relating to the statutory factors and must be set forth explicitly in the findings. In re Marriage of J.J.C. and P.R.C. (1987), 227 Mont. 264, 739 P.2d 465. The findings should, at a minimum, set

forth the "essential and determining facts upon which the District Court rested its conclusion on the custody issue." In re Marriage of Cameron (1982), 197 Mont. 226, 231, 641 P.2d 1057, 1060.

The District Court received considerable evidence regarding the child's health and situation in school. Richard argues that the child, who at time suffers from a severe asthmatic condition, generally suffered fewer problems while residing in Montana. Additionally, Richard criticized the medical treatment the child received while in Illinois. Richard also attempted to prove that the child's performance in school improved while he was residing in Montana. Richard contends that the District Court ignored the evidence presented concerning the child's health and his adjustment to and performance in school, and that the custody determination should be reversed.

Upon reading the District Court's lengthy findings of fact concerning these two issues, we disagree. The District Court, after listening to and observing the testimony of the witnesses, specifically found that the medical needs of the child were being met while he was residing in Illinois. The District Court also found that due to the circumstances it was not possible to make a valid comparison between schools.

Upon reviewing the District Court's extensive findings of fact concerning the custody issue, it is clear the District Court considered all of the required statutory criteria and based the custody decision on the best interests of the child. The court's

findings of fact explicitly set forth the essential and determining facts upon which it based its conclusions. The findings and conclusions were based on substantial evidence. The custody determination made by the District Court is affirmed.

Susan raises the issue of attorney fees and alleges the District Court abused its discretion in not awarding her attorney fees. The decision to award attorney fees in these situations is within the sound discretion of the district court. Section 40-4-110, MCA; In re Marriage of Smith (1990), 242 Mont. 495, 791 P.2d 1373. The District Court did not abuse its discretion in not awarding attorney fees in this case.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

10

John Conway Harrison

_____

_____

Justices

11