No. 82-84

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

JACK A. MARTA, ROBERT D. MARTA,
and DAVID A. MARTA,

Plaintiffs and Appellants,

vs.

DOUGLAS L. SMITH and EFFIE L. SMITH,

Defendants and Respondents.

Appeal from: District Court of the ~~Eighteenth~~ Fifth Judicial District,
In and for the County of ~~Gallatin~~ Madison
Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellants:

Morrow, Sedivy, Olson & Eck, Bozeman, Montana
James H. Morrow, Bozeman, Montana

For Respondents:

Jardine, McCarthy & Grauman, Whitehall, Montana
David Grauman, Whitehall, Montana

Submitted on briefs: August 26, 1982

Decided: September 23, 1982

Filed: SEP 24 1982

Thomas J. Kearney
—————————————————————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Plaintiffs appeal from a judgment awarding defendants damages of $5,500 and attorney fees of $2,000 entered in the District Court of the Fifth Judicial District, Madison County.

This case was reviewed by this Court in Marta v. Smith (1981), ___ Mont. ___, 633 P.2d 1011, 38 St.Rep. 28. We remanded the case to the District Court on January 12, 1981, because no evidence was presented concerning attorney fees granted to defendants in the original proceedings. In our order denying hearing, we emphasized that the attorney fees were to be limited to "services rendered in dissolving the injunction."

On May 22, 1981, a hearing was held to determine the attorney fees to be awarded to defendants. John Jardine, one of defendants' counsel of record, testified that the injunction and efforts to resolve it involved 60 to 70 percent of the time he spent on the case. He estimated his fees to be $11,000, which included the appeal. Frank Davis, a Dillon lawyer, testified he superficially reviewed Jardine's file and agreed $11,000 was a reasonable fee. On May 29, 1981, a summary order was issued setting defendants' attorney fees at $2,000.

On May 27, 1981, defendants filed a supplemental memorandum of costs to which plaintiffs objected on June 3, 1981, on the ground that improper costs were included. On June 10, 1981, plaintiffs also moved to amend the May 29 order setting attorney fees. A briefing schedule was set for these issues, with final briefs due on July 17, 1981.

Without waiting for the final briefs, the District Court issued amended findings of fact and conclusions of law

on June 29, 1981. These amended findings and conclusions again set attorney fees at $2,000. In addition, the District Court amended a prior conclusion of law that was part of the original judgment, wherein plaintiffs were ordered to repair defendants' irrigation ditch or, in the alternative, pay damages to the defendants in the amount of $5,500. In the amended findings, the District Court ordered plaintiffs to pay $5,500 to defendants for damages caused to defendants' irrigation ditch. Plaintiffs objected to the amended findings and conclusions. A hearing on plaintiffs' objections and on the question of costs was held on July 24, 1981.

On the question of repairs of the irrigation ditch, Bob Marsh, lessee of plaintiffs' farm lands, testified he hauled in rip-rapping, and used men and equipment to repair sections of the ditch which had shown erosion in the past years. Several other witnesses also testified that they approved of the manner in which Marsh repaired the ditch.

Defendant, Douglas Smith, testified that the ditch had not been repaired according to the specifications set out by John Simpson, a witness in the original trial. It was Smith's understanding that the original judgment demanded such compliance. Simpson advocated a system of drops and recommended that dirt and rock be hauled in to repair the sides of the ditch. He estimated that such restoration would cost about $5,500, exactly the amount of damages awarded to defendants in the original judgment and amended judgment.

On December 28, 1981, the District Court entered an order overruling the plaintiffs' objections and denying the motion for a hearing on damages. The District Court then made findings and conclusions in respect to plaintiffs' objections on January 3, 1981.

Plaintiffs present 6 issues on appeal:

1. Whether the lower court erred by awarding irrigation ditch damages without a hearing;

2. Whether the lower court erred in finding plaintiffs were not entitled to a hearing on damages;

3. Whether the lower court erred by awarding irrigation ditch damages without findings of fact and conclusions of law;

4. Whether there is substantial evidence to support the award of irrigation ditch damages;

5. Whether the lower court erred in awarding attorney fees without making findings of fact;

6. Whether there is substantial evidence to support the award of attorney fees.

Defendants present an additional issue on appeal: Whether attorney fees should be granted to defendants based on Rule 32, M.R.App.Civ.P.

Plaintiffs contend that the District Court erred by awarding irrigation ditch damages without holding an evidentiary hearing and without making findings of fact and conclusions of law. We agree with plaintiffs' contentions.

In the original judgment of October 31, 1979, plaintiffs were given the alternative of repairing the ditch or paying damages of $5,500. This part of the original judgment was affirmed on appeal. On remand, the District Court amended its conclusions of law to omit the alternative which originally allowed plaintiffs to repair the ditch. This was done without the submission of any additional evidence by either party.

Amending the conclusions in this manner is clearly an abuse of discretion on the part of the District Court. Rule

-4-

52(b), M.R.Civ.P., allows for amendment of the findings and judgment "upon motion of a party." Rule 60(b) allows the District Court to relieve a party from a judgment or order for reasons of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. However, such relief can be granted only after the parties are accorded a hearing. Rule 60(c), M.R.Civ.P. Only when there is a clerical mistake in the judgment, under Rule 60(a), when the defendants are not personally notified as required by law, under Rule 60(b), M.R.Civ.P., or when there has been a fraud upon the court under Rule 60(b), M.R.Civ.P., can the District Court amend or set aside the judgment on its own initiative.

In the present case, none of the above exceptions apply. Therefore, the District Court abused its discretion when it did not hold a hearing to determine whether the ditch had been repaired. Instead, the District Court amended its conclusion of law and judgment to omit plaintiffs' alternate remedy of repairing the ditch. Without additional evidence on the record, the District Court could not have known whether either of the alternatives set forth in the original judgment were met. Accordingly, we vacate that portion of the District Court's judgment which omits the alternative of repairing the ditch.

There still remains the question of how the original judgment should be interpreted. Our first opinion found that substantial evidence existed to uphold the District Court's finding that plaintiffs' were negligent in their use of the irrigation ditch, and that defendants were entitled to relief. This is the law of the case on this issue, and it is binding upon this Court on appeal. Cremer v. Cremer Rodeo Land and Livestock Company (1981), ___ Mont. ___, 627 P.2d 1199, 38 St.Rep. 574.

-5-

The testimony of John Simpson in the original trial indicated that repair of the ditch in the manner he advocated would cost $5,500. The District Court, in its original findings of fact, found that defendants had been damaged in the amount of $5,500, and it would cost $5,500 to repair the irrigation ditch.

From these findings, it can be implied that the District Court found that the plaintiffs were required to repair the irrigation ditch in the manner testified to by John Simpson. In support of the trial court, this Court will imply findings so long as those findings are not inconsistent with express findings made. Crissy v. State Highway Commission (1966), 147 Mont. 374, 381, 413 P.2d 308, 313.

Plaintiff next contends the District Court erred in awarding attorney fees without making findings of fact. We cannot agree with this contention.

In awarding $2,000 for attorney fees the findings of fact entered on June 29, 1981, provided that defendants' testimony showed fees to be in excess of $2,000 and that plaintiffs did not present any evidence on the matter. The District Court found $2,000 to be a reasonable fee based on the testimony.

Here, the District Court's finding of fact was sufficient to comply with Rule 52(a), M.R.Civ.P. As stated in that rule, "Findings of fact shall not be set aside unless clearly erroneous . . . ." It cannot be said that the finding in this case is clearly erroneous. The court considered the evidence presented and determined $2,000 to be a reasonable fee. The finding is based on substantial evidence and will not be overruled by this Court.

Finally, defendants contend that, based on Rule 32, M.R.App.Civ.P., attorney fees should be granted for this appeal because plaintiffs' appeal is frivolous, without justification, and merely an attempt to prolong litigation.

Rule 32, M.R.App.Civ.P. provides:

> "If the supreme court is satisfied from the record and the presentation of the appeal that the same was taken without substantial or reasonable grounds, but apparently for purposes of delay only, such damages may be assessed on determination thereof as under the circumstances are deemed proper."

Based upon this statute, we do not find that plaintiffs have presented a frivolous appeal. Plaintiffs were justified in bringing this appeal to clarify the alternative judgment. Therefore, attorney fees should not be awarded under Rule 32, M.R.App.Civ.P.

The judgment of the District Court awarding attorney fees of $2,000 to defendants is affirmed. Attorney fees to defendants under Rule 32, M.R.App.Civ.P. are denied. The judgment of January 15, 1982, is hereby amended with respect to the awarding of damages for negligent use of the irrigation ditch to read as follows:

> "The plaintiffs shall have until March 31, 1983, to repair the irrigation ditch in the manner testified to by John Simpson in the July 12, 1979 hearing; or, in the alternative, shall pay to the defendants the sum of $5,500 plus interest accruing from date of the original judgment as damages to their lands."

John G. Sheehy
_____
Justice

-7-

We Concur:

John Conway Harrison
_____

Daniel J. Shea
_____

Frank B. Morrison Jr.
_____

_____
Justices