No. 82-210

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

E. ROY TALMAGE,

        Plaintiff and Appellant,

  -vs-

HERBERT O. GRUSS and INGEBURG W.
GRUSS,

        Defendants and Respondents.

Appeal from:  District Court of the Twelfth Judicial District,
              In and for the County of Blaine, The Honorable
              Leroy L. McKinnon, Judge presiding.

Counsel of Record:

    For Appellant:

        Sias & Ranstrom; Donald A. Ranstrom, Chinook,
        Montana

    For Respondents:

        Spangelo Law Firm; James W. Spangelo, Havre,
        Montana

Submitted on Briefs:  October 14, 1982

Decided:  February 10, 1983

Filed: FEB 1983

_Ethel M. Harrison_
           Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellant brought an action on a promissory note in the District Court of the Twelfth Judicial District, Blaine County. Appellant prevailed in the action on the note, but was not awarded the full amount of the attorney fees requested. We remand to the District Court for the entry of appropriate findings on the question of attorney fees.

E. Roy Talmage brought suit on November 19, 1979, against Herbert Gruss and Ingeburg Gruss, husband and wife. The action was based upon a $1,500 promissory note. The Grusses were makers of the note. One of the terms of the note was that the makers would pay reasonable attorney fees if the note was not paid at maturity.

The Grusses attempted to defend without counsel in the early stages of the action. Delay of the discovery process resulted, and Talmage moved for sanctions under Rule 37, M. R. Civ. P. The court imposed Rule 37 sanctions and ordered the Grusses to pay $537.50 to Talmage's counsel for attorney fees incurred as a result of the Gruss' frustration of discovery.

A non-jury trial was had on October 1 and 2, 1981. The judge found that the Grusses owed Talmage $1,500 plus interest and attorney fees. Talmage's counsel claimed attorney fees in the amount of $3,637.50. Counsel for the Grusses opposed an award of that amount. On April 9, 1982, the judge issued his order on attorney fees. The judge found that the Grusses were in poor financial condition, that their health was quite bad, and that because they were elderly neither their health nor their finances were likely to improve. The judge also found that counsel for the Grusses had expended considerable

time and effort for a nominal fee. The judge ordered that Talmage's fee award be limited to the $537.50 already awarded, plus costs. On May 6, 1982 the court denied Talmage's motion to amend the attorney fees order. This appeal followed.

The amount fixed as attorney fees is largely discretionary with the District Court, and we will not disturb its judgment in the absence of an abuse of that discretion. Carkeek v. Ayer (1980), ____Mont.____, 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1276.

> "In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice." Porter v. Porter (1970), 155 Mont. 451, 457, 473 P.2d 538, 541.

This Court has set forth the following guidelines to be used in determining the amount to be awarded as reasonable attorney fees:

> "The circumstances to be considered in determining the compensation to be recovered are the amount and character of the services rendered, the labor, time and trouble involved, the character and importance of the litigation in which the services were rendered, the amount of money or the value of property to be affected, the professional skill and experience called for, the character and standing in their profession of the attorneys . . . The result secured by the services of the attorneys may be considered as an important element in determining their value." First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422,429-30, 547 P.2d 1328, 1332.

These guidelines are not necessarily exclusive. A trial court properly may consider other factors in reaching a decision on reasonable attorney fees. However, the findings in the present case only revealed that the District Court considered the age, health and financial condition of the Grusses and that counsel for the Grusses had expended consid-

erable effort for a nominal fee. The findings do not show a consideration of any of the other factors listed above in First Security Bank of Bozeman. In an appropriate case, we have implied findings in support of the trial court's conclusions where those findings are not inconsistent with the express findings made. In Marta v. Smith (1982), ____Mont.____, 650 P. 2d 1387, 1389, 39 St.Rep. 1839, 1842, we held that findings not specifically made but necessary to the judgment are deemed to have been supplied if supported by the evidence. Berry v. Romain (1981), ____Mont.____, 632 P.2d 1127, 1132, 38 St.Rep. 1434, 1439-40. Unfortunately we do not have a transcript of the proceedings and therefore are unable to determine if there is evidence to support implied findings.

In view of the great amount of attorney's effort already required in a case involving a $1,500.00 principal judgment plus interest, we are reluctant to send the matter back for further proceedings. However, in the absence of findings which allow us to review the basis for the award of attorney fees and in the absence of a record from which findings may be implied, we are required to return the case for further consideration by the judge.

We vacate the order determining attorney fees and return the same to the District Court for the preparation of appropriate findings with regard to the requested attorney fees, containing a review of the factors described in this case and such order as the District Court finds to be advisable.

                                        _____
                                        Justice

We concur:

_____

_____

_____

_____
Justices

-4-