No. 84-335

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE MARRIAGE OF
PHILIP J. MILANOVICH,

               Petitioner and Appellant,

    and

ROSEMARY MILANOVICH,

               Respondent and Respondent.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hull & Sherlock; Jeffrey M. Sherlock, Helena,
        Montana

    For Respondent:

        Deirdre Caughlan, Butte, Montana

Submitted on Briefs: Nov. 29, 1984

Decided: April 8, 1985

Filed: APR 8 1985

_Ethel M. Harrison_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Philip J. Milanovich (Philip) appeals from the order of the District Court of Silver Bow County dated June 21, 1984, fixing attorney's fees for Rosemary J. Milanovich (Rosemary) in the sum of $1,727.00 for services rendered prior to the entry of this Court's order of February 16, 1982 and for attorneys' fees of $750.50 for services required following that order. We affirm the awards.

The issues presented for review are:

1. Did the District Court err in its order of June 21, 1984, awarding $1,727.00 for attorneys' fees as originally fixed by the order of March 10, 1982?

2. Did the District Court err in its order of June 21, 1984, fixing $757.50 as attorneys' fees pursuant to the specific order of the Supreme Court?

The parties came before this Court in Milanovich v. Milanovich (Mont. 1982), 655 P.2d 959, 39 St.Rep. 1554 (Milanovich I). Milanovich I sets out the continuing problems in this divorce proceeding, which was commenced in 1975 and involved the custody of four minor children. In Milanovich I, this Court concluded basically as follows:

1. It could not review the lower court's finding of contempt on an appeal.

2. In rendering its decision on visitation rights, the District Court erred in failing to allow Philip to present psychiatric evidence pertaining to Rosemary.

3. The District Court erred in failing to make specific findings as to the children's wishes regarding custody.

4. The District Court erred in failing to appoint an attorney for the children.

In Milanovich I, the Court pointed out that Rosemary was fit to have temporary custody of the children and that

2

immediate visitation rights were to be given to her. This Court directed the District Court to fix and order attorneys' fees to be paid by Philip to Rosemary. Fees were assessed in the amount of $757.50 by the District Court in its order of June 21, 1984.

Milanovich v. Milanovich (Mont. 1982), 655 P.2d 963, 39 St.Rep. 2146 (Milanovich II), addressed the petition for writ of review of the contempt order issued by the District Court on February 16, 1982. This Court affirmed that contempt order in Milanovich II .

After Milanovich I and Milanovich II, the District Court conducted a hearing on Rosemary's request for a determination of fees. This resulted in the District Court's order dated June 21, 1984, awarding $1,727.00 as attorneys' fees, as originally fixed by a prior order of the District Court, and $757.50 as costs and fees incurred in connection with Rosemary's motion to compel Philip's compliance with the District Court's visitation order. Philip appeals the order awarding fees.

I

Did the District Court err in its order of June 21, 1984, awarding $1,727 for attorneys' fees based upon the District Court's order of March 10, 1982?

As previously indicated, the award of $1,745 was originally made by the District Court on March 10, 1982, prior to both Milanovich I and Milanovich II. With a different judge presiding, the District Court issued an order on June 21, 1984, that awarded substantially the same amount for the services in question as had been awarded on March 10, 1982. Philip contends the award was improper because Milanovich I reversed the judgment of the District Court. The only exception from that reversal was the contempt holding, which is

3

not a part of Milanovich I. Philip argues that as a result of Milanovich I, the March 10, 1982 determination of fees was cancelled.

That contention disregards Milanovich II, wherein this Court affirmed the contempt order of the District Court. As we review the order, dated February 16, 1982, which was affirmed by Milanovich II, we find the following finding and conclusion:

> "11. That the Court hereby finds that the Plaintiff's conduct towards the Defendant resulting in the action now before the Court is vexacious [vexatious], harrassing and unreasonable and the Defendant is entitled to have her reasonable attorney's fees paid by the Plaintiff."

That order of the District Court found Philip guilty of contempt, fined him $500, sentenced him to five days in jail with the sentence to be suspended for one year upon compliance with the court's order, and further ordered a hearing to determine the amount of attorneys' fees to which Rosemary was entitled.

The February 16, 1982 order primarily addresses the contempt on the part of Philip and the penalties attached as a result of that contempt. The essential elements of the February 16, 1982 contempt order were affirmed in Milanovich II. As a result, the award of attorneys' fees by order dated March 10, 1982 was affirmed, even though the amount was reduced from $1745.00 to $1727.00.

We approve and affirm the award of $1,727.00 for attorneys' fees.

II

Did the District Court err in its order of June 21, 1984, fixing $757.50 as attorneys' fees pursuant to the specific order of the Supreme Court?

4

In substance, Philip contends that a portion of such award is proper, but argues that there was not a sufficient connection between other services performed and the motion in question. Philip therefore requests a reduction in the award of $757.50.

In Talmage v. Gruss (Mont. 1983), 658 P.2d 419, 40 St.Rep. 176, we set forth in detail the rules to be applied in the fixing of attorneys' fee. The following statement from that case is particularly pertinent:

> "The amount fixed as attorney fees is largely discretionary with the District Court, and we will not disturb its judgment in the absence of an abuse of that discretion." 658 P.2d at 420, 40 St.Rep. at 177.

The record contains substantial evidence to support the conclusions of the District Court. We find no abuse of discretion. The award of $757.50 is affirmed.

### III

Defendant Rosemary requests costs be assessed for a frivolous appeal. In view of the confusing state of the record and the possibility of good faith misunderstanding on the part of counsel, we will not assess such costs. However, we do point out to counsel that this is the third time in which this bitterly-fought matter has been before us. We will carefully consider the propriety of further proceedings before this Court.

_____
Justice

We concur:

_____
Chief Justice

_____

John C. Sheehy

William E. Huckle

Justices

6