No. 85-450

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF
TERI DiPASQUALE,

                Petitioner and Respondent,

        and

HENRY GETZ,

                Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and for the County of Missoula,
                The Honorable H.L. McChesney, Judge pro tem.

COUNSEL OF RECORD:

        For Appellant:

                J. Robert Riley, Missoula, Montana
                Christopher Daly, Missoula, Montana

        For Respondent:

                Nancy LaFlamme, Montana Legal Services, Kalispell,
                Montana
                Measure, Ogle & Ellingson; Darrell S. Worm, Kalispell,
                Montana

                                _____

                                Submitted on Briefs: Jan. 23, 1986

                                Decided: April 4, 1986

Filed:    APR 4 - 1986

                        _Ethel M. Harrison_
                _____
                                Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appellant, Henry Getz, appeals from the order of the District Court, Fourth Judicial District, County of Missoula, dated June 6, 1985, granting custody of the parties' two minor children, namely, Jeremy Albert Getz and Amy Louise Getz to respondent, Teri Di Pasquale, and ordering Getz to pay monthly child support of $155.00 per month per child until each child attains the age of majority or is otherwise emancipated. With regard to the child support, the District Court further ordered that Getz make retroactive payment for the months August, 1982, through April, 1985, with future payments beginning on May 1, 1985. We affirm.

The parties to this action began cohabitation in March, 1977. They lived in the same household, except for brief separations, until August, 1982. During this cohabitation there was born as issue the two minor children named above.

At no time during the period of cohabitation was there any holding out to the public that the parties considered themselves to be husband and wife and the District Court concluded that the parties were not and had never been married.

In awarding custody of the children to Di Pasquale, the District Court found that the minor children had been in the custody of Di Pasquale since the parties' separation, that Di Pasquale was a fit and proper parent to have custody of the children and that the children were well-behaved and emotionally well adjusted to their home environment.

The District Court also found, after considering that Getz's earning capacity was $25,000.00 per annum after deductions of Federal and State income tax and social security taxes, that Di Pasquale was entitled to monthly child support payments in the sum of $155.00 per month per child.

Getz raises two issues on appeal:

1. Does the District Court have issue jurisdiction to award retroactive child support which is neither alleged or prayed for in the pleadings nor supported by evidence heard at the time of trial?

2. Is the award of custody to Di Pasquale in the best interest of the children?

Di Pasquale raises one issue on cross-appeal:

1. Did the District Court commit reversible error in determining Getz's child support obligation?

With regard to the first issue raised by Getz, we hold that the District Court properly awarded Di Pasquale retroactive child support from August, 1982, through April, 1985. In reviewing an award of child support, this Court's task is to examine the final child support award to determine whether an abuse of discretion by the District Court has occurred. Brown v. Brown (1978), 179 Mont. 417, 587 P.2d 361. If there is no clear abuse of discretion resulting in substantial injustice, the award made by the District Court will not be disturbed. Grenfell v. Grenfell (1979), 182 Mont. 229, 596 P.2d 205.

Getz contends that the District Court had no issue jurisdiction to award retroactive child support because Di Pasquale did not pray for it in her original petition or her amended petition. Getz further contends that no evidence was

- 3 -

introduced at trial which showed a desire on the part of Di Pasquale for retroactive child support.

The record indicates that in Di Pasquale's original petition, she prayed for child support of $200.00 per month per child and in her amended petition she prayed for $250.00 per month per child. Getz answered by means of a denial and a request for joint custody of the children.

With regard to issue jurisdiction, this Court has stated that a "judgment is conclusive only so far as it determines matters which by the pleadings are put in issue." Sloan v. Byers (1908), 37 Mont. 503, 511, 97 P. 855, 857. Here, we hold that the pleadings properly placed the issue of child support before the District Court. Further, once the issue of child support is properly before the District Court pursuant to the parties' pleadings, or amendments thereto, the District Court has issue jurisdiction to award retroactive child support from the time of separation of the parties and is never limited to the child support prayed for or agreed to by the parties. In Re the Marriage of Crabtree (1982), 200 Mont. 178, 651 P.2d 29; Hill v. Hill (1982), 197 Mont. 451, 643 P.2d 582. Our holding here is further buttressed by Rule 54(c), M.R.Civ.P. which provides in part: "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The District Court did not abuse its discretion.

Getz next raises the issue of whether the award of custody to Di Pasquale was in the best interest of the children. Getz contends that the District Court erred by

failing to make specific findings as to each factor listed in § 40-4-212, MCA. Getz further contends that the District Court reached its result by applying the "tender years" doctrine.

Section 40-4-212, MCA, provides:

Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors including:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school, and community; and

(5) the mental and physical health of all individuals involved.

This Court has stated that in awarding custody, the District Court must consider the guidelines set forth in § 40-4-212, MCA, although the Court need not make specific findings on each of the elements. In Re Custody of Ericka M. (Mont. 1984), 676 P.2d 231, 41 St.Rep. 267; Speer v. Speer (1982), 201 Mont. 418, 654 P.2d 1001. In the instant case, the District Court addressed the issue of custody in its amended finding of fact no. 4, which provides:

4. The children are now in the custody of the Petitioner, Teri Di Pasquale, and have been ever since the parties' separation. The Petitioner is a fit and proper parent to have the custody of the children. The children are well-behaved and emotionally well adjusted to their home environment with the Petitioner.

A review of the entire record in this case demonstrates that the District Court heard sufficient testimony on each of the relevant factors to support its findings. We will not

- 5 -

disturb the findings of the District Court, absent a clear abuse of discretion. Speer, 201 Mont. at 420, 654 P.2d at 1003. We hold the District Court did not abuse its discretion in awarding custody of the minor children to Di Pasquale.

We also find Getz's contention that the District Court based its custody award on the "tender years" doctrine which this Court expressly rejected in Markegard v. Markegard (Mont. 1980), 616 P.2d 323, 325, 37 St.Rep. 1539, 1541, is based wholly on conjecture. We therefore decline to address the issue further.

Finally, Di Pasquale, on cross-appeal, challenges the sufficiency of the District Court's grant of child support. In amended finding of fact no. 10, the District Court addressed child support. The finding provides:

> Based upon his income, Respondent is able to pay to Petitioner child support payments in the amount of One Hundred Fifty Five Dollars ($155.00) per month, per child.. . .

As stated previously in this opinion, Di Pasquale must demonstrate a clear abuse of discretion, resulting in substantial injustice before we will disturb the award made by the District Court.

Di Pasquale contends that the District Court abused its discretion in two respects: first, she claims the District Court made a mistake in determining her income, and second, she claims that the decreed support is so disproportionate to Getz's income as to be arbitrary.

In amended finding of fact no. 9, the District Court found that Di Pasquale's income was $11,250.00 per year after taxes. The record, however, does indicate that Di Pasquale's annual income, after taxes was approximately $9,000.00.

- 6 -

Section 40-4-204, MCA, lists as one of the factors the District Court must consider before ordering payment of child support: "the financial resources of the custodial parent." The intent of § 40-4-212, MCA, is merely to indicate the factors which the District Court should consider in setting the amount of support to be paid by either the mother or father or both. In this case we find that the District Court did not abuse its discretion even though it was mistaken as to Di Pasquale's income because after considering all of the relevant factors set forth in § 40-4-212, MCA, the District Court awarded Di Pasquale $155.00 per month, per child for support "[b]ased upon his income" and not hers.

Di Pasquale next contends that the District Court abused its discretion because the award of child support is disproportionate to his income. In support of her contention, Di Pasquale relies on Carlson v. Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419, wherein this Court suggested an algebraic formula to assist District Courts in the computation of a child support award. We find no abuse of discretion here because the Carlson formula is just what we said it was in Carlson, a suggested guideline and nothing more.

Getz urges this Court to remand this case on the issue of sufficiency of the amount of child support for further hearing based on change of circumstances. We can only assume that Getz believes there has been a change of circumstances that would somehow entitle him to reduction in child support. The proper procedure for such action, however, is a motion for modification of support pursuant to § 40-4-208, MCA.

We affirm the District Court.

_____
John L. Sheehy
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 8 -