No. 86-36

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

IN RE THE MARRIAGE OF
CAROL A. SHIRILLA,

        Petitioner and Respondent,

   and

STEVEN J. SHIRILLA,

        Respondent and Appellant.

_____

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Charles A. Graveley, Helena, Montana

    For Respondent:

        Johnson, Skakles & Kebe; Greg J. Skakles, Anaconda,
Montana

_____

Submitted on Briefs: Sept. 11, 1986

Decided: January 13, 1987

Filed:   JAN 13 1987

_____
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal by Steven Shirilla from the findings of fact and conclusions of law and judgment entered by the District Court of the Third Judicial District, Powell County, granting dissolution of the parties' marriage and ordering child support, a property settlement and attorney fees. We affirm and modify the judgment.

Steven raises six issues on appeal. (1) Whether the trial court erred when it determined the relative contribution of the parties to the acquisition of marital assets. (2) Whether the trial court erred when it determined that the entire support of the minor child was borne by Carol. (3) Whether the trial court erred when it required Steven to pay the attorney fees incurred by Carol. (4) Whether the trial court erred in its award of sole custody of the minor child to Carol. (5) Whether the trial court erred in its determination of child support to be paid by Steven, and in making that support retroactive. (6) Whether the trial court erred in its division of marital property by awarding the house to Carol with Steven receiving no benefit therefrom until the minor child reaches majority.

Steven and Carol Shirilla were married in February, 1982. At the time of the marriage, Steven was a physician at Deer Lodge Clinic who makes approximately $56,990 per year and Carol was a medical technologist at Powell County Memorial Hospital who makes $21,400 per year. One child was born during the marriage, Beth Ann, who was born July 6, 1983. In October, 1983, the parties separated and Steven established his residence on the grounds at Galen State

Hospital. Steven's housing is provided for him on the hospital grounds. He pays $186 a month for rent which includes utilities.

A petition for dissolution was filed in October, 1983. From the date of the separation, Steven paid one-half the house payment ($330) and $200 per month in child support. In July, 1984, the Court entered an order dissolving the marriage and retaining jurisdiction over custody, support and the property division. As of July, 1984, Steven stopped making house payments and paying child support. Since Carol only made one-half the house payment and Steven was not making the other half, the Bank threatened to foreclose the mortgage. Carol had to borrow over $8,000 from her relatives to bring the payments current to prevent foreclosure.

In October, 1985, following a hearing on the issues the District Court entered its findings of fact, and conclusions of law. The Court granted sole custody of Beth Ann to Carol, with reasonable visitation for Steven. The court also granted Carol use of the family residence until the minor child reached the age of majority, and required each party to make one-half the house payment. Steven was directed to pay support in the amount of $635 per month, and was ordered to pay the attorney fees incurred by Carol. The District Court also made a division of other assets acquired during the marriage which is not an issue on this appeal.

At the outset, we note that ferreting out appellant's arguments was a difficult and time consuming task because appellant had listed issues presented for review that were not briefed and failed to brief some issues that were raised. Counsel are admonished to conform their briefs to Rules 23 through 27, M.R.App.Civ.P.

The first issue on appeal is whether the court erred when it determined the relative contribution of the parties to the acquisition of marital assets and failed to determine the net worth of the marital estate. While the issue is phrased as above in the appellant's brief, the argument refers to the fact that Steven brought a higher net worth into the marriage and that he wanted the house sold and the balance divided.

In reviewing the judgment of the court below we note the standard of review in Marriage of Gallinger and Weissman (Mont. 1986), 719 P.2d 777, 780, 43 St.Rep. 976, 979:

> In dividing property in a marriage dissolution the district court has far reaching discretion and its judgment will not be altered without a showing of clear abuse of discretion. The test of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice.

Also see, In Re Marriage of Wessel (Mont. 1986), 715 P.2d 45, 50, 43 St.Rep. 405, 411; citing Becker v. Becker (Mont. 1985), 707 P.2d 526, 528, 42 St.Rep. 1541, 1543.

While it may be true that Steven brought more assets into the marriage, the statute requires the marital property be "equitably apportion[ed] between the parties . . . however and whenever acquired and whether the title thereto is in the name of the husband or wife or both . . ." Section 40-4-202, MCA. The court is not bound to restore the parties to their premarital status. In Re Marriage of Keepers (Mont. 1984), 691 P.2d 810, 41 St.Rep. 2163.

Next, Steven contends that the family home should have been sold and the profits divided. The District Court ordered Steven to continue paying one-half the house payments until the child reaches 18. At that time the house will be

- 4 -

sold and the first $2,000 goes to Steven, the next $1,336 to Carol and the balance will be divided equally. This Court has in the past approved of having both parties contribute to maintain the family home until such time as the minor children are grown. Marriage of Ryan (Mont. 1986), 720 P.2d 691, 43 St.Rep. 1163; Marriage of Hereford (Mont. 1986), 723 P.2d 960, 43 St.Rep. 1508. The District Court did not abuse its discretion in making such an order.

The second issue on appeal is whether the court erred when it determined the entire support of the minor child was borne by Carol since July, 1984. The District Court found:

> That since July of 1984, [Steven] has made no payment for the support and maintenance of the minor child, Beth Ann Shirilla, and her entire support has been provided by [Carol] herein.

Steven alleges he has been paying $200 a month into a trust fund for Beth Ann. This may be so, but the fact remains that he has made no payments to Carol so she has been providing for all of Beth Ann's support. Steven argues the Court erred by making child support retroactive to the date of the last payment in July, 1984. He contends this violates § 40-4-208, MCA, which allows a court to modify support only as to future payments, not retroactively. Section 40-4-208, MCA, applies only to actions to modify existing support payments. This Court has held that once the issue of child support is placed before the court by the pleadings, the court has jurisdiction to award child support payments retroactive to the time of the separation of the parties. Marriage of DiPasquale and Getz (Mont. 1986), 716 P.2d 223, 43 St.Rep. 557. The District Court did not err in making child support payments retroactive to the date of dissolution.

The third issue on appeal is whether the District Court erred when it ordered Steven to pay Carol's attorney fees. Section 40-4-110, MCA, allows the District Court to award attorney fees after considering the financial resources of both parties. An award of attorney fees under the statute is "largely discretionary with the District Court and we will not disturb its judgment in the absence of an abuse of that discretion." In Re the Marriage of Johnston (Mont. 1986), 726 P.2d 322, 326, 43 St.Rep. 1808, 1813, quoting In Re Marriage of Milanovich (Mont. 1985), 697 P.2d 927, 929, 42 St.Rep. 436, 439; Talmage v. Gruss (1983), 202 Mont. 410, 412, 658 P.2d 419, 420. The record indicates that the financial resources of both parties were considered. The District Court did not abuse its discretion in awarding attorney fees to Carol.

Next, Steven contends the District Court erred by awarding sole custody of Beth Ann to Carol. The District Court made these findings of fact on custody.

14. That following the separation of the parties herein, [Steven] voluntarily restricted his visitation with the minor child, Beth Ann, upon the advice of Counsel and of Dr. Timothy J. Casey, Psychologist. That subsequently, visitation was increased as the child became somewhat older and was had on Tuesdays, Thursdays and Saturdays, outside the residence of [Carol].

15. That during employment periods, [Carol] has made adequate and substantial arrangements for child care and the testimony indicates that the child relates well with the present babysitting arrangements, and, likewise, relates well during visitation periods with [Steven]. [Steven], likewise, agrees that [Carol] is taking excellent care of the child, and [Carol], likewise, acknowledges the good relationship existing between [Steven] and his minor daughter.

16. That no application has ever been made to this Court for a joint custody arrangement, and in view of [Steven's] unwillingness to assume any responsibility for payments upon the residence in which the child has been living with [Carol], and

- 6 -

his unwillingness and failure to provide support for the child since July of 1984, the Court deems joint custody inappropriate at this time.

The District Court's decision is presumed correct and will be upheld unless a clear abuse of discretion is shown. In Re the Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 42 St.Rep. 623. "The responsibility of deciding custody is a delicate one which is lodged with the district court. The judge hearing oral testimony in such a controversy has a superior advantage in determining the same, and his discretion ought not to be disturbed except on a clear showing of abuse of discretion." In Re Marriage of Obergfell (Mont. 1985), 708 P.2d 561, 563, 42 St.Rep. 1414, 1417; Gilmore v. Gilmore (1975), 166 Mont. 47, 51, 530 P.2d 480, 482.

In determining custody, the court is bound to consider all relevant factors including:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school, and community; and

(5) the mental and physical health of all individuals involved.

Section 40-4-212, MCA.

In this case, the District Court considered the relevant factors and decided sole custody should be with the mother. The District Court made specific findings on why joint custody was not granted. The District Court did not abuse its discretion.

Next, Steven contends the District Court erred in its determination of child support. Carol testified at the hearing that the needs of the child are approximately $875 per month.

That includes:

| | |
|---|---|
| $360 | one-half the house payment & utilities |
| 100 | food |
| 45 | transportation |
| 55 | clothing |
| 40 | diapers |
| 258 | child care |

Steven did not introduce any evidence or present testimony to refute these figures at the hearing. The District Court applied the Carlson formula and determined the ratio of Carol's earnings to Steven's earnings was 27.4% to 72.6%. Therefore the District Court found Carol should contribute $240 per month to the needs of the child and Steven should contribute $635 per month.

We approve of the District Court's use of the Carlson formula and apportionment of the needs of the child between the incomes of the parents. However, the District Court made a slight mathematical error in totaling the needs of the child. The figure should have been $858 rather than $875. Applying the same ratio, Carol should contribute $235 per month for Beth's support and Steven should contribute $623 per month. Pursuant to § 33-2-204, MCA, we hereby modify the judgment of the Third Judicial District, Powell County, entered October 18, 1985 and direct that judgment be entered ordering Steven to pay child support in the sum of $623 per month rather than $635 per month. All other provisions of the judgment are affirmed.

The last issue on appeal is whether the District Court erred in its division of marital property by awarding the

house to Carol with Steven receiving no benefit therefrom until the minor child reaches majority. We have already addressed this issue and found no error.

Affirmed as modified.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices