No. 87-438

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

IN RE THE MARRIAGE OF
MARY RUTH SAYLOR,

          Petitioner and Appellant,

   and

WILLIAM PHILLIP SAYLOR,

          Defendant and Respondent.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

      Keller & German; Brenda Nordlund, Kalispell,
      Montana

   For Respondent:

      Moore & Doran; James D. Moore, Kalispell, Montana

---

Submitted on Briefs: June 2, 1988

Decided: June 13, 1988

Filed: JUN 1 3 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is an appeal from a decree of dissolution entered by the District Court, Eleventh Judicial District, Flathead County, awarding respondent (husband) physical custody of the three minor children and ordering appellant (wife) to pay respondent support of $100 per child per month.

We affirm on the custody issue and reverse on the issue of child support and remand for reconsideration.

The issues presented to us by appellant wife are:

1. Did the District Court err by failing to properly apply "the best interests of the child" standard pursuant to § 40-4-212, MCA?

2. Did the District Court err in determining child support to be paid by the wife?

3. Did the District Court err in denying wife's motion for a new trial?

The parties were married according to common law in 1971. This marriage was dissolved by decree dated April 7, 1987. The couple had three children born of the marriage, Jessica, Nicole and Shayne. At the time of the dissolution, their ages were 14, 11 and 6, respectively. Currently, they reside with their father, a building contractor, and his companion, in Corona Del Mar, California. The wife is a teaching assistant at the University of Illinois in Champaign where she is pursuing a doctorate in education.

The residential history of this couple is confusing. Apparently, after their marriage, they moved to Whitefish and then to Kalispell. Between the years 1979 and 1982, they lived together and separately at various times and in various homes in both Missoula and Kalispell. The husband also spent

- 2 -

several months in Arizona. When the couple lived apart, the children resided with the wife. The couple's separation became permanent in 1982 and both resided separately in Kalispell until sometime in 1986, when they moved to their current separate residences. The wife relinquished physical custody of the children to their father, in July, 1983, and they have resided with him ever since. There seems to have been reasonable visitation allowed by both parties during their respective times as physical custodian.

The petition for dissolution in this action was filed in May, 1983. There were several hearings between June, 1984, and September, 1985, primarily regarding custody of the couple's children. Proposed findings were due October 11, 1985. The District Court entered its decree of dissolution on April 7, 1987, nearly four years after the petition was filed, granting joint custody and giving physical custody to the husband. The wife was ordered to pay $300 per month in child support retroactive to January 1, 1986.

At the outset, this Court must comment that it is unsettled by the amount of time this case required before being brought to a resolution. Four years between petition and decree is an unreasonably long time for a relatively uncomplicated dissolution action. The victims of such a delay are the children. The blame for this delay, however, cannot be placed solely upon either parent. Some of the blame must also be placed upon the District Court. For whatever reason, the decree was not entered until 18 months after the case was submitted. This delay is inexcusable. If there is any civil matter that should be resolved as expediently as possible, it is a matter involving the custody of young children.

Issue 1

- 3 -

In a case involving custody issues, the standard used to review the District Court's decision is that of abuse of discretion. The wife must demonstrate that the findings are clearly erroneous and overcome the presumption that the District Court's judgment is correct. Rule 52(a), M.R.Civ.P.; In Re Marriage of Manus (Mont. 1987), 733 P.2d 1275, 1276, 44 St.Rep. 398, 399-400, citing Bier v. Sherrard (Mont. 1981), 623 P.2d 550, 551, 38 St.Rep. 158, 159. Only when there is clear error will the District Court's judgment be reversed. In Re Marriage of Rolfe (Mont. 1985), 699 P.2d 79, 82, 42 St.Rep. 623, 626.

Appellant argues that the District Court failed to consider two of the factors requiring consideration under § 40-4-212, MCA, which states:

> 40-4-212. Best interest of child. The court shall determine custody in accordance with the best interest of the child. The court shall consider all relevant factors, including but not limited to:
>
> (1) the wishes of the child's parent or parents as to his custody;
>
> (2) the wishes of the child as to his custodian;
>
> (3) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest;
>
> (4) the child's adjustment to his home, school, and community;
>
> (5) the mental and physical health of all individuals involved;
>
> (6) physical abuse or threat of physical abuse by one parent against the other parent or the child; and
>
> (7) chemical dependency, as defined in 53-24-103, or chemical abuse on the part of either parent.

- 4 -

From the facts of this case, it is clear that the factors necessary for decision are (1) through (4). There have been no issues raised as to: (5) the mental or physical health of any of the individuals involved; (6) physical abuse or threat of physical abuse against either parent or child; or (7) drug abuse by either parent.

The wife asserts that because no specific findings were made as to the interaction of the children with their parents and siblings and as to the children's adjustment to their home, school, and community, the District Court abused its discretion in awarding physical custody to their father. We disagree and affirm the custody award of the District Court. This Court has stated on many occasions that the making of specific findings is not necessary where the record shows substantial evidence that supports the District Court's judgment on the merits. In Re Marriage of Nalivka (Mont. 1986), 720 P.2d 683, 686, 43 St.Rep. 1079, 1083; In Re Marriage of DiPasquale (Mont. 1986), 716 P.2d 223, 225, 43 St.Rep. 557, 560; Custody of Ericka M. (Mont. 1984), 676 P.2d 231, 233, 41 St.Rep. 267, 269; In Re Marriage of Speer (1982), 201 Mont. 418, 421, 654 P.2d 1001, 1003.

The District Court made several findings regarding the parent's wishes, the children's wishes, and the relationship between the husband and wife as it affected access to the children by the wife and as it may affect the husband's access to the children if he were to lose physical custody. Evidence abounds in the record regarding the relationships between both parents and the children and the childrens' adjustment to their home and community. The District Court does not make specific findings as to these factors but does note the recommendations and reports of a social worker and a psychologist both of which pertain to the above factors. We hold there was no abuse of discretion.

For efficiency's sake, we will not address specific findings which the wife argues are in error. We find it necessary, however, to discuss the interpretation of § 40-4-223, MCA, which the wife argues was incorrectly used by the District Court. The wife disputes the following finding:

> 23. The Montana legislature has made it clear that, wherever feasible, both parties ought to have equal access to children in dissolution proceedings. Thus, joint custody is preferred. Further, both of these parties are capable of rearing the children. However, Petitioner's anger and bitterness toward Respondent interfered with Respondent's access to the children before the transfer of custody.

The wife contends that access to children only becomes an issue when legal custody is placed with one parent only and not when joint custody is granted. We do not agree. The relevant statute, § 40-4-223, MCA, reads in pertinent part:

> (1) In custody disputes involving both parents of a minor child, the court shall award custody according to the best interests of the child as set out in 40-4-212:
>
> (a) to both parents jointly; the court shall inquire whether a joint custody agreement was made knowingly and voluntarily; or
>
> (b) to either parent. In making an award to either parent, the court shall consider, along with the factors set out in 40-4-212, which parent is more likely to allow the child frequent and continuing contact with the noncustodial parent and may not prefer a parent as custodian because of the parent's sex.

This statute appends an additional factor to be considered by the District Court when awarding legal custody to only one parent. The issue of access is not, by the statute's terms, a necessary consideration when joint custody is being granted. Legal custody, which is the determination of legal rights and responsibilities of the parents toward the

- 6 -

children, must not be confused with physical custody, that is, where the children actually live. Joint custody may involve equal physical custody of the children by both parents or it may entail one parent having substantially more or less actual physical custody of the children than the other parent. We find no error with the District Court's finding, however, because, although the factor of access to one's children is not a mandatory consideration in joint custody awards, we can find no reason why it should not be considered by the District Court so that it may find an arrangement that is in the best interest of the child and facilitates the declared public policy of this state to "assure minor children frequent and continuing contact with both parents." See § 40-4-222, MCA.

## Issue 2

The wife contests the soundness of the District Court's order to pay the husband $100 per month per child in child support, retroactive to January 1, 1986. In order to reverse an award of child support, the wife must show that a substantial injustice resulted from the court's abuse of discretion. In Re Marriage of Jacobson (Mont. 1987), 743 P.2d 1025, 1027, 44 St.Rep. 1678, 1680. The factors a court must consider when awarding child support are set out in § 40-4-204, MCA, as follows:

> (1) In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his support, without regard to marital misconduct, after considering all relevant factors including:
>
> (a) the financial resources of the child;
>
> (b) the financial resources of the custodial parent;

- 7 -

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child and his educational needs;

(e) the financial resources and needs of the noncustodial parent; and

(f) for the purposes of determining a minimum amount for support, the amount received by children under the AFDC program, as defined in 53-2-702.

A guideline formula for determining child support has been set forth in In Re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 499-500, 41 St.Rep. 2419, 2423. As we said in a later case, the factors involved in this computation include the child's total needs, the physical custodial parent's net earning capacity and the visitation parent's net earning capacity. Hansen v. Jurgens (Mont. 1986), 722 P.2d 1151, 1154, 43 St.Rep. 1316, 1319.

The District Court held that it was precluded from applying the Carlson formula because neither party had offered evidence of the child's total needs. Although we have termed the Carlson formula a "guideline," the factors it involves must be considered and it was error not to do so. See In Re Marriage of Keel (Mont. 1986), 726 P.2d 812, 814, 43 St.Rep. 1742, 1746.

In addition, the District Court made no explicit findings regarding the wife's net monthly income. Instead, it ordered the wife to pay 25% of her net expendable income in child support according to its own District Court guidelines on child support and set this figure at a total of $300 per month. This implies that the wife's net income was $1,200 per month. This figure is totally without support on the record. We hold that the District Court abused its

- 8 -

discretion in this matter and reverse and remand for a redetermination of the child support award.

For guidance upon remand we refer the District Court to the Uniform District Court Rules, Guidelines for Determining Child Support, § III, Parts 1-14. Although these guidelines are not binding we strongly urge that the District Court consider them upon remand. In the Guidelines, the child's needs are automatically assumed as a percentage of the parent's total combined income instead of being determined separately.

In addition, the wife protests that the District Court abused its discretion by making the order 16 months retroactive. We hold that this is not error. There are several cases in which such awards have been affirmed. See, e.g., In Re Marriage of Revious (Mont. 1987), 735 P.2d 301, 44 St.Rep. 674; In Re Marriage of Shirilla (Mont. 1987), 732 P.2d 397, 44 St.Rep. 75; DiPasquale, 716 P.2d 223, 43 St.Rep. 557. As the wife points out, however, these cases differ from her case in that the noncustodial parent in all the above cases earned a substantially greater income than the physical custodian. While we do not hold that it was reversible error to apply the wife's child support obligations retroactively, we strongly suggest that, upon remand, the District Court take the parties' income differences into consideration.

<u>Issue 3</u>

Since we have remanded this case for a redetermination of the child support award, it is unnecessary to discuss whether the District Court erred by not granting the wife's motion for a new trial. We advise the District Court, however, that the recent change in circumstances that has taken place for both parties should be considered upon remand

- 9 -

as required by the Guidelines for Child Support, § III, Part 14.

Affirmed in part, reversed in part and remanded for reconsideration of the child support award.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices