JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
We have repeatedly held that we will not decide cases on appeal based on issues which have never been raised in the District Court. Hanley v. Dept. of Revenue (1983), 207 Mont. 302, 306, 673 P.2d 1257, 1259. The issue which the majority finds controlling in this case was never raised in the District Court, it was never part of the decision appealed from, and it has never been briefed nor argued as an issue on appeal. According to the rules we apply to the district courts of this state, we do not have jurisdiction to decide the issue which the majority decision finds dispositive. See In re Marriage of Di Pasquale (1986), 220 Mont. 497, 499, 716 P.2d 223, 225.
While the Sourdough decision was mentioned briefly in the intervenor’s brief as it related to the issue of standing, the right of the City to appeal the decision of the County Commissioners was not an issue on appeal, and the City has had no opportunity to argue, brief, or respond to the legal issue on which the majority bases its decision to dismiss the City’s appeal.
*264 Considering our traditional notions that issues are decided most reliably after thorough argument by adversaries, how can this result be fair?
I concurred with the result of the Sourdough decision because the plaintiff in that case sought to appeal a county commission’s conditional approval of a preliminary subdivision plat pursuant to §§ 76-2-110 and 2-4-702, MCA. After briefing the issue and hearing argument, the district court concluded, and I agreed, that the former statute pertained only to appeals from planning and zoning decisions and the latter statute was, by definition, inapplicable to the decisions of county commissioners. That case did not address the issue of whether there is any other procedure by which county commissions can be compelled to perform their statutory obligation under the Montana Subdivision and Platting Act found at §§ 76-3-101 through -614, MCA.
In this case, the City of Kalispell did not attempt to appeal a decision of the County Commissioners based on the aforementioned statutes. It filed a complaint for declaratory judgment and injunction and for a writ of mandamus or other appropriate writ.
The majority opinion has dismissed the City’s appeal to this Court for the reason that the Subdivision and Platting Act does not provide for an appeal from a county commission’s decision to conditionally approve a preliminary plat. However, writs of mandamus are specifically intended for situations like this where there is no adequate remedy in the ordinary course of law. Section 27-26-102, MCA. Furthermore, a writ of mandamus may be issued by the district court to a board of county commissioners to compel the performance of an act which they are obligated to perform as a duty of their office.
The City has complained that the Flathead County Commissioners have refused to perform several duties which they are required to perform under the Subdivision and Platting Act. It is alleged that the Commissioners approved the subdivision in question without making specific findings that the subdivision would be in the public interest, as required by § 76-3-102, MCA, without determining that it conforms to the local master plan, as required by § 76-3-604, MCA, and without making written findings that it considered the specific criteria set forth in § 76-3-608, MCA.
Furthermore, the City has alleged that without complying with these statutory requirements, the County Commission was without authority to approve this subdivision. This was, therefore, an appro *265 priate situation for a writ of review, pursuant to § 27-25-102, MCA, or a writ of mandamus pursuant to § 27-26-102, MCA.
It is, perhaps, for these reasons that at no stage in the proceedings before the District Court or on appeal has either Flathead County or the intervening developer moved to dismiss the City of Kalispell’s complaint, or its appeal from the judgment of the District Court, pursuant to our decision in Sourdough. It is simply wrong for this Court to sua sponte decide this case on a basis that has never been suggested by the parties to the case.
The Montana Subdivision and Platting Act is extremely important to the future quality of life in Montana. Its purpose is to:
[PJromote the public health, safety, and general welfare by regulating the subdivision of land; to prevent overcrowding of land; to lessen congestion in the streets and highways; to provide for adequate light, air, water supply, sewage disposal, parks and recreation areas, ingress and egress, and other public requirements; to require development in harmony with the natural environment ....
Section 76-3-102, MCA.
Nowhere are these considerations more relevant than Flathead County which has, in recent years, experienced the most rapid growth in Montana.
It is to accomplish these purposes that county commissioners who are asked to approve subdivisions are required to consider the master plan adopted by the county. Section 76-3-604, MCA. It is to accomplish these purposes that the county commissioners are also required to consider whether the subdivision is in the public interest and issue specific findings of fact which weigh criteria such as the need for the subdivision, effects on agriculture, effects on local services, effects on the natural environment, effects on wildlife and wildlife habitat, and effects on public health and safety. Section 76-3-608, MCA.
The majority’s decision renders these essential statutory requirements meaningless because the practical effect of this decision is to preclude any form of judicial review when two out of any three county commissioners around the state simply refuse to comply with the statutes. The fact that this case was decided on this basis, without the benefit of any briefing or argument by the parties, is particularly troubling.
It is ironic that, because the Montana Legislature recognized the threat to Montana’s character, beauty, and public health from uncontrolled development, it expended considerable time and effort during *266 the past legislative session to strengthen subdivision regulations. See House Bill No. 408,1993 Mont. Laws, ch. 272, effective April 6,1993. Yet, by virtue of this decision, those regulations are meaningless because they cannot be judicially enforced.
The majority concludes that the City’s “appeal” is premature. However, the City’s complaint to the District Court was not an “appeal,” and if it was, the majority should explain why it was “premature.” If it is being dismissed due to the lack of a statutory appeal mechanism in the Subdivision and Platting Act, then there is no reason to distinguish between preliminary plat approval and final plat approval. There is no statutory mechanism for appealing either. If the same reasoning applies to both preliminary and final decisions, then why is this “appeal” simply “premature”?
In response to this dissent, the majority argues that because the intervenor made passing reference to the Sourdough decision while citing it for other reasons, the issue upon which this case was decided was properly raised on appeal. However, the issues, as set forth in the parties’ briefs, made clear that the issue decided by the majority was not raised on appeal. The appellant presented the following issues for review:
I. When a County takes erroneous, arbitrary, capricious action, or abuses its discretion, in a subdivision approval, does a City have standing to challenge the action when the City is a co-adopter of the Master Plan and § 76-3-601, M.C.A., authorizes review and comment by the City?
II. Is Master Plan compliance part of the public interest criteria of the Subdivision & Platting Act, or does the County have authority to ignore the Master Plan?
III. Should the principles of “spot zoning” be applied to subdivisions in unzoned areas?
The issues, as set forth by the County and the intervenor, were simply variations of the same three issues set forth above. It should be clear from the majority’s own opinion that the issue it decided was not raised by the parties. The majority’s opinion points out that “[w]e restate the issue on appeal as follows ....”
If the issue that the majority resolved was actually raised by the parties, why was it necessary to restate it?
The majority considers it significant that the City chose not to respond to the intervenor’s reference to the Sourdough decision when the City filed its reply brief. There was no reason for the City to *267 respond. Sourdough was simply not relevant to the issues raised in this appeal.
Perhaps most importantly, none of the arguments made by the majority in support of its dismissal of this appeal were made by any party in the District Court. This fact is the most logical explanation for why the complaint filed by the City was not refined to the majority’s satisfaction. The City, in its complaint, sought a writ of mandamus or other appropriate writ. The purpose of requiring that objections to the inadequacy of a parties’ complaint be made in the trial court is to give the party who filed the complaint an opportunity to correct any alleged deficiency. The City was not given that opportunity in this case because there was no objection to its complaint on the grounds raised by the majority until the opinion was issued by this Court. It is a little late for the City to correct the majority’s objections at this time.
Finally, it is appropriate to comment on the majority’s statement that since the Legislature did not provide for a right of appeal from plat approval, this Court would not “fabricate” an appeal process. Such judicial restraint might be admirable if this was in fact an appeal. However, it is not. This case was commenced by the City of Kalispell when it filed a complaint for a writ of mandamus or other appropriate writ to compel the Flathead County Commissioners to perform their public duty. And, whether Commissioners can be compelled to comply with the terms of this State’s Subdivision and Platting Act by mandamus or certiorari was never addressed in the Sourdough opinion.
Furthermore, the majority’s reluctance to “fabricate” a right of appeal is selective at best. In the very same opinion, this Court goes on to advise the parties that judicial review will have to await approval of the final plat map. The majority states that:
The discussion and resolution of those matters will simply have to await an appeal after judicial review of the approval or denial of a final subdivision plat in this or some other case and controversy directly involving those issues.
The majority must have overlooked the fact that neither did the Legislature provide an appeal process from final subdivision plat approval. Would the same Court which showed such remarkable restraint by declining to “fabricate” an appeal process from a preliminary plat approval turn around and “fabricate” an appeal process from a final plat approval? If not, then as previously mentioned, the provisions of the Subdivision and Platting Act are truly meaningless.
*268 For these reasons, I dissent from the majority opinion. I would affirm the District Court’s conclusion that the City of Kalispell had standing to complain of the County Commission’s approval of this subdivision. I would reverse that part of the District Court’s summary judgment which dismissed the City of Kalispell’s complaint, and remand this case for further hearing to determine whether there is a factual basis for the issuance of the writ of mandate or other appropriate writ sought by the City of Kalispell.
JUSTICE HUNT joins in the foregoing dissent.