DA 10-0189

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 260

IN RE THE MARRIAGE OF:
DAVID CARL BRINLEY,

        Petitioner and Appellant,

  and

IDA LOUISE BRINLEY,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Tenth Judicial District,
                  In and For the County of Fergus, Cause No. DR 06-103
                  Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Paul D. Sullivan, Measure & Wilson, P.C., Kalispell, Montana

        For Appellee:

        Jeffrey A. Simkovic, Billings Legal, PLLC, Billings, Montana

                          Submitted on Briefs:  November 10, 2010

                                  Decided:  December 14, 2010

Filed:

              _____
                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1   David Brinley (David) appeals an order entered by the Tenth Judicial District Court, Fergus County, requiring him to pay retroactive child support to his ex-wife Ida Brinley (Ida), from October 1, 2007, forward. We affirm, but remand for clarification of the amount owed.

¶2   David and Ida's marriage was dissolved on October 29, 2007, by Decree of Dissolution (Decree) of the District Court. They have one child. The Decree did not impose child support on either party, but stated "[c]hild support should be set pursuant to the Montana Child Support Guidelines. Counsel for the parties shall work together to supply an agreed upon amount to the Court. Should they be unable to do so, then the Court will set the amount."

¶3   On January 20, 2009, the Department of Public Health and Human Services (DPHHS) filed a motion asking the District Court to adopt the Child Support Enforcement Division's (CSED) child support calculation, which would require David to pay $563 per month to Ida. At that point, David had not provided CSED with any information about his income, assets, or liabilities. CSED calculated the child support amount based on the proceeds David received from a land sale. The District Court granted the motion on January 21, 2009. David objected and the order was set aside.

¶4   On July 30, 2009, Ida filed a Motion for Contempt and a Request for Show Cause Hearing, asking the court to hold David in contempt for several things, including failing to cooperate with CSED in calculating child support. Two hearings were held on Ida's motion.

2

First, a hearing was held on October 21, 2009. After this hearing, David provided financial information to CSED. A continuation of the October 21, 2009, hearing was held on December 21, 2009.

¶5 On February 17, 2010, the District Court issued an order regarding the December 21, 2009, hearing ("December Order"). The December Order provided that child support should be paid, "retroactively to the first of the month of the month of divorce," that being October 1, 2007. The amount was to be determined by CSED. On February 24, 2010, the District Court issued an order regarding the October 21, 2009, hearing ("October Order"). The October Order provided that David should pay $563 per month, beginning October 2009. David appeals from the December Order requiring him to pay child support retroactively to October 1, 2007.

¶6 The issue on appeal is whether the District Court erred when it ordered David to pay retroactive child support beginning October 1, 2007.

**STANDARD OF REVIEW**

¶7 We review child support awards to determine whether the district court abused its discretion. *In re Marriage of Di Pasquale*, 220 Mont. 497, 499, 716 P.2d 223, 224 (1986), *In re Marriage of McLean*, 257 Mont. 55, 60, 849 P.2d 1012, 1014 (1993). Absent an abuse of discretion resulting in substantial injustice, the award made by the district court will be upheld. *Di Pasquale*, 220 Mont. at 499, 716 P.2d at 224.

## DISCUSSION

¶8 The District Court has jurisdiction to award child support retroactive to the time of separation of the parties. *In re Marriage of Barnard*, 241 Mont. 147, 152, 785 P.2d 1387, 1390 (1990); *Di Pasquale*, 220 Mont. at 499, 716 P.2d at 225.

¶9 David argues, pursuant to § 40-4-208(1), MCA, that he can only be required to pay retroactive child support from January 20, 2009, the date DPHHS filed its motion to adopt CSED's child support calculation. Section 40-4-208(1), MCA, states that "a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to actual notice to the parties of the motion for modification." David argues that DPHHS's motion was a motion to modify the Decree, which did not order him to pay any child support, and that January 20, 2009, was the first date that he received actual notice that he would be obligated to pay child support.

¶10 Ida argues that the December Order relates directly back to the Decree, which provided that some child support would be ordered in the future, and it was within the discretion of the District Court to order retroactive child support.

¶11 The District Court did not abuse its discretion when it awarded retroactive child support. The December Order, making child support retroactive to October 2007, was not a modification of child support, but related back to the Decree. Therefore, § 40-4-208(1), MCA, is inapplicable to this case. Although the Decree did not list any specific amount, it made clear that there would be a child support obligation, the amount of which was to be determined by either the agreement of the parties or the court. It was David's refusal to

4

cooperate with CSED that delayed the calculation. It was not error to order child support be paid retroactively to the month of the divorce; October 2007. *Barnard*, 241 Mont. at 152, 785 P.2d at 1390; *Di Pasquale*, 220 Mont. at 499, 716 P.2d at 225. Although neither party cited *Barnard* or *Di Pasquale*, we find these cases controlling on the issue presented to the Court and we affirm.

¶12 However, we remand to the District Court to clarify the amount of child support owed. The December Order requires CSED to calculate the amount owed, retroactive to October 2007, but the October Order provides that David should pay $563 per month from October 2009. The Court can find no amount ordered for the period between October 2007 and October 2009. It is unclear whether the October 2009 date is a typographical error, and David is required to pay $563 per month from October 2007 to present, or whether there is a different amount owed between October 2007 and October 2009.

## CONCLUSION

¶13 We affirm the District Court's award of retroactive child support. However, we remand to the District Court to clarify the amount owed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON

5